## E. A. STERRETT v. THE STATE.

No. 7953. Delivered November 12, 1924.

No motion for rehearing filed.

Possessing Intoxicating Liquor for Sale—Evidence—Sufficiency of—Accomplice.

There is no evidence in this case, save and except that of two accomplices, who are without corroboration, that would sustain a conviction, and the cause is reversed, and remanded.

Appeal from the District Court of Henderson County. Tried below before the Hon. W. R. Bishop, Judge.

Appeal from a conviction for possessing intoxicating liquor for purposes of sale; penalty, two years in the penitentiary.

*E. A. Landman,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Henderson County of possessing intoxicating. liquor for purposes of sale, and his punishment fixed at two years in the penitentiary.

There are a number of questions urged by appellant in none of which do we perceive any error on the part of the learned trial judge save in the overruling of the motion for an instructed verdict of not guilty based on the proposition that the facts were not sufficient to support the judgment. The testimony seems ample to show that the unlawful manufacture of liquor was being carried on a farm owned by appellant. His wife lived on the farm but appellant seems to have spent most of his time in Fort Worth and other places where he was engaged in the business of contracting. Two witnesses used by the State, who testified fully to their employment for that purpose, gave evidence to the existence of stills and the manufacture of liquor on the premises. The officers found a quantity of liquor and mash and a still in operation in a ravine on appellant's farm. He was not at home at the time and in fact is only shown to have been in the neighborhood at wide intervals. There is nothing save accomplice testimony tending to show his personal connection with the illegal manufacture or possession of the liquor save that it was on his place and that he was at home occasionally.

Being of opinion that the evidence did not justify the conclusion that he was in possession of the liquor found by the officers when

they made their raid and that there was no testimony save that of the accomplices showing his connection with it at any other time, we are constrained to hold that the judgment of the trial court was not supported by the facts and that same must be reversed, and it is so ordered.

*Reversed.*