## H. G. Knott v. The State.

### No. 8975.   Delivered February 11, 1925.

#### Rehearing denied June 17, 1925.

1.—Transporting Intoxicating Law—Liquor Laws—Constitutionality of—Judicially Settled.

The constitutionality of our present liquor laws have been upheld by this court beginning with Ex Parte Gilmore, 88 Tex. Crim. Rep. 529 and uniformly followed to this date. The Supreme Court of the United States has many times also sustained the validity of these laws, many of those opinions are collated in Goforth v. State, delivered by this court on January 21, 1925. In the light of these decisions, this question is definitely settled, and is no longer open to debate.

2.—Same—Evidence—Purpose of Transportation—Not an Element.

On a trial for unlawfully transporting intoxicating liquor, it is not an element of that offense that such transportation was for the purpose of sale. This court has repeatedly so held. Following McNeil v. State, 93 Tex. Crim. Rep. 259, and other cases cited.

3.—Same—Requested Charge—Limiting Effect of Testimony—Properly Refused.

Where 240 quarts of whisky, found in appellant's possession were introduced in evidence on the trial, the court properly refused a requested charge that the exhibition of the whisky before them should not in any manner influence their verdict. The appellant was alone responsible for the wholesale quantity of the liquor being transported by him, and it could properly be considered by the jury.

4.—Same—Jury Wheel Law—Properly Refurnished.

Where a trial court has ordered the names contained in a jury wheel, which had been improperly selected, destroyed, and the refilling of the wheel with names properly drawn in compliance with Arts. 5151, 5152, 5153 and 5158, no error nor injury is shown to appellant. Following Atwood v. State, 257 S. W. 563.

#### ON REHEARING.

5.—Same—Constitutional Amendment—To Sec. 16 of Art. 20—Held, Valid.

Appellant assails the validity of the amendment of Sec. 16, Art. 20 of our State constitution, adopting state wide prohibition, and the laws passed by our Legislature carrying said amendment into effect, and involving the validity of the law under which appellant was convicted.

6.—Same—Continued.

This question was decided by us adversely to appellant in the case of Manos v. State, 263 S. W. 310. No doubt is entertained by this court of the Legislative power to enact the statute upon which this prosecution is founded, independent of Sec. 20, Art. 16 of the state constitution. The authority to enact the law would come from the paramount law of the land,—the constitution of the United States, as embraced in the 18th Amendment. See Rhode Island v. Palmer, 255 U. S. 350 and other cases cited.

Appeal from the District Court of Jefferson County. Tried below before the Hon. Geo. C. O'Brien, Judge.

Appeal from a conviction for unlawfully transporting intoxicating liquor; penalty, three years in the penitentiary.

The opinion states the case.

*Howth, Adams, O'Fiel & Hart,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for the transportation of intoxicating liquor. Punishment fixed at three years in the penitentiary.

The indictment charged appellant, Leslie Fairchild, Wanda Knott and Katherine Fairchild jointly with transporting intoxicating liquor. Officers testified that they were watching a Packard automobile and saw it drive to a certain warehouse or garage outside the city of Beaumont; that they waited until the car came back, stopped it and found packed in the back of the car 240 quarts of whisky. The whisky had some sort of covering over it. In the car at the time were appellant and the other three parties named in the indictment. Appellant claimed to have come from Dallas where he resided to Beaumont for the purpose of looking after an airplane belonging to him which was then supposed to be in Beaumont in charge of other parties; that his wife and Mr. and Mrs. Fairchild accompanied him to Beaumont; that after reaching that place he met a party from whom he purchased the liquor in question; that none of the other parties knew the whiskey was in the car; that he told his wife when interrogated about what was covered up in the back of the car that it was airplane parts he was taking back to Dallas. The trial resulted in the conviction of appellant alone, his three co-defendants being acquitted.

Bills of exception numbers 1, 3, 4, 5, 6, 10, 12 and 13 are to the refusal of certain special charges. None of them relate to any defensive issue in so far as appellant is concerned but were favorable to Fairchild and his wife and Mrs. Knott. All of them having been acquitted these bills seem to have no place in the record.

What is characterized in the transcript as bill of exception number two is a special charge requested by appellant and given by the court.

There is no merit in the contention that our statute under which the conviction occurred is in conflict with the 18th Amendment to the Constitution of the United States and to the Federal Law known as the Volstead Act. In view of the decisions of the Supreme Court of the United States holding to the contrary and the many opinions of this court to the same effect it would seem that this point as a question of law is settled. The announcement contrary to the contention was first made by this court in Ex parte Gilmore, 88 Texas Crim. Rep. 529, 228 S. W. 199. In "Shepard's Southwestern Citations of Texas Cases" thirty-four are given which follow and re-affirm Gilmore's case. Some of the decisions from the Supreme Court of the United States are collated in the opinion from this court in Goforth v. State, delivered January 21st, 1925.

The court was not called upon to give the requested charge, refusal of which is complained of in bill of exception number 8. This identical instruction was incorporated in the main charge.

A special charge was requested to the effect that mere transportation was not unlawful, and that before such transportation would be an offense it must be shown that it was being transported for the purpose of sale. This is not the law. McNeil v. State, 93 Texas Crim. Rep. 259, 247 S. W. 536; Finley v. State, —— Texas Crim. Rep. ——, 258 S. W. 1062; Mayfield v. State, 92 Texas Crim. Rep. 532, 244 S. W. 819. Many authorities are collated in the case last referred to.

The 240 quarts of liquor found in appellant's car were introduced in evidence. He sought to have the court instruct the jury that the exhibition of the liquor should not in any manner influence their verdict or prejudice them against appellant. If we understand his position it seems to be that the jury might not have assessed the punishment at more than the minimum if the large quantity of liquor had not been placed before them. The authorities cited by him do not support any such proposition as here advanced and we know of none sustaining it. The State was in no way responsible for the wholesale transportation inaugurated by appellant, and if the quantity of liquor had anything to do with the penalty assessed the blame would seem to rest upon appellant alone.

Appellant filed a motion to quash the panel of jurors upon the ground that they had not been selected at the time and in the manner provided in Chapter 5, Title 75, of the Revised Civil Statutes. Upon hearing evidence relative to such matter the following facts were developed. After the decision of this court in the case of Atwood v. State, 257 S. W. 563, Hon. Geo. C. O'Brien, Judge of the District Court for the 58th Judicial District held an inquiry

with reference to the manner in which the jury wheel for Jefferson County had been filled. After such investigation he had entered upon the minutes of his court the following findings and order.

"Whereas, between the 1st and 15th days of August, A. D., 1923, the Tax Collector, Tax Assessor, Sheriff, County Clerk, District Clerk, and some of their respective deputies, did, under article 5151, 5152, and 5153 of the Revised Civil Statutes of the State of Texas, from the tax lists in the Tax Assessor's office for the current year, select jurors and place their names on separate cards in the wheel provided for that purpose, and from which to draw the juries for the ensuing year, but

"Whereas, in making such selections of jurors, said officers withheld from said wheel and did not place therein, the names of all jurors, such as lawyers, doctors, firemen and others exempt by law, by which act in so withholding said names and not placing the name of said exempted jurors in the said wheel, the court of Criminal Appeals of Texas, have, in a recent opinion, in the case of Atwood v. The State of Texas, held that it is unlawful, and in violation of the statutes for such officers in filling said wheel to so exercise their discretion of not putting the names of such exempt jurors, in the wheel, as was done in this instance, thereby, in said decision, declaring all jurymen in said wheel illegal, and,

"Whereas, E. Kirby Smith, District Clerk, and his deputies, J. C. Safley and Joe Cottam, have appeared before me in open Court and after having been duly sworn according to law, stated as a fact that in the filling of said wheel with the names of said jurors as aforesaid, those so filling said wheel with said names failed and refused to put the names of City Firemen, jurors over sixty years old, and professional and other men exempted by law in said wheel when they filled the same on or about August, 1923, and

"Whereas, it therefore appears to this court that under the said recent opinion rendered in the said Atwood case, that the said wheel was illegally filled, and that all panels of jurors drawn therefrom are and will be illegal, subject to exceptions and objections by all parties to suits hereafter coming on for trial,

"Now, therefore, in order to eliminate any further controversies with reference to the legality of jurors drawn from said wheel, *said County,* in compliance with the findings of said Court of Criminal Appeals, and with the law, hereby declared the said jury wheel illegally filled, and the contents therein as illegal, and "It is ordered that the Clerk of the District Court be and he is hereby directed to empty said wheel, and that the said officers are required to proceed to select the names of jurors to serve the remaining portion of this year, in the manner provided by said Articles 5151, 5152 and 5153 of the Revised Civil Statutes, and that said selection and proceeding be had on or about the 7th day of February, A. D. 1924."

This order was signed by Judge O'Brien and concurred in by Judge E. A. McDowell of the 60th Judicial District and Judge D. P. Wheat, Judge of the County Court of Jefferson County at Law. In compliance with the order therein made a new jury wheel for Jefferson County was filled by the officers stipulated in Article 5151, R. C. S. They used the tax rolls of the tax assessor's office for the year 1922, this being the roll which had been used in filling the wheel originally. They supplemented the tax rolls from the tax assessor's office with the poll tax rolls for the same year, checking from one to the other in an effort to leave the name of no one out of the wheel who might be known to be a qualified juror. Some names not upon the tax rolls from the tax assessor's office which were found to be upon the poll tax rolls were also placed in the jury wheel if it was known to the officers that they were qualified jurors. We do not undertake to set out here the testimony taken upon the hearing of this matter, but therefrom we conclude it shows a substantial compliance with Articles 5151, 5152 and 5153, R. C. S., and that an earnest effort was made by the officers under the direction of the court to comply in every respect with the opinion of this court in Atwood v. State (supra). We quote a portion of Article 5158, R. C. S. which appears applicable to the matter now under consideration. It reads as follows:

"If, for any reason, the wheel containing the names of jurors be lost or destroyed, with the contents thereof, or if all the cards in said wheel be drawn out, such wheel shall immediately be refurnished, and cards bearing the names of jurors shall be placed therein immediately, in accordance with articles 5151, 5152 and 5153 . . ."

The contents of the wheel which was filled between the 1st and 15th of August was destroyed by order of the court after judicially ascertaining that the same had been illegally filled. The filling of the wheel again as ordered by the court appears to us a substantial compliance with the Article of the statute just quoted.

We think there is no merit in the contention that Miss Burdette, a representative from the district clerk's office present at the time the wheel was filled in February, was not a deputy district clerk. It appears from the testimony of the district clerk that Miss Burdette had been deputized by him and was acting as a deputy, but that he had neglected to get authority from the Commissioner's Court authorizing such appointment. She was a deputy de facto and the fact that her appointment had not been authorized by the Commissioner's Court would not in our opinion call for a holding that the jury wheel was not filled in compliance with the statute.

The judgment is affirmed.

*Affirmed.*

MORROW, PRESIDING JUDGE.—The elaborate argument in the motion for rehearing to the point that Art. 588½a of the Penal Code, as contained on the Complete Statutes of Texas, 1920, is void because of its incompatibility with the United States statute known as the Volstead Act and with the Eighteenth Amendment to the United States Constitution, relates to a matter which is not open to debate, inasmuch as it has been settled against the contention of the appellant by the decisions of the Supreme Court of the United States, as illustrated by the State of Maine v. Gauthier, 121 Me. 522, 118 Atl. 380, 26 Amer. Law Rep. 652; Chandler v. State, of Texas, 260 U. S. Rep. 708. Texas cases to this effect are collated in the citations in Ex parte Gilmore, 88 Texas Crim. Rep. 529, 228 S. W. Rep. 199, which citations are found in Shepard's Southwestern Reporter Citations, p. 1500. Many other cases are found in the notes in 26 Amer. Law. Rep. p. 661. The identical question was decided against the appellant's contention by the Supreme Court of the United States. See U. S. Sup. Ct. decision cited in Goforth's case, 269 S. W. Rep. 98.

The attack upon the validity of the article mentioned upon the ground that in adopting the amendment to Sec. 20, Art. 16, of the Constitution of this State, the procedure designated by the Constitution was no followed, is in substance the same as was reflected by the record in the case of Manos v. State, 263 S. W. Rep. 310, in which this court expressed the opinion adverse to the appellant. In the present case, however, no facts are found showing the manner of publishing notice of the election on the amendment. In the Manos case, supra, it was said:

"If in the conclusions stated we should be mistaken, the clause of the statute forbidding the possession of intoxicating liquor for the purpose of sale  .  .  .  would nevertheless find support in the Eighteenth Amendment to the Constitution of the United States."

So, likewise to transportation. In that amendment, the manufacture, transportation and sale of intoxicating liquors for beverage purposes were forbidden, and "Congress and the several states shall have concurrent power to enforce this article by appropriate legislation." No doubt is entertained by this court of the legislative power to enact the statute upon which this prosecution is founded independent of Sec. 20, Art. 16 of the Constitution of this State. Whether that clause, as it now appears in the Constitution, was legally or illegally adopted, the power to enact the law would come from the paramount law of the land—the Constitution of the United States, as embraced in the Eighteenth Amendment. Upon the subject, see Rhode Island v. Palmer, 253 U. S. 350; Ex parte Gilmore, 88 Texas Crim. Rep. 531, 228 S. W. 199; Chandler v. State, 260 U. S. 708, 67 L. Ed. 474; also citation of authorities in notes in 26 Amer. Law Rep. pages 652 and 673.

We find no occasion to review the other points raised in the motion as they have been fully considered and in our judgment were properly disposed of in the opinion on the original hearing.

The motion for rehearing is overruled.

*Overruled.*