## Matthew Briscoe v. The State.

No. 10345.   Delivered February 16, 1927.

Rehearing denied April 6, 1927.

### 1.—Rape—Indictment—Motion to Quash—Properly Overruled.

Where a motion was made to quash the indictment, on the ground that the district clerk, who administered the oath to the grand jury was not the legally qualified district clerk, said motion was properly overruled, it being apparent from the record that if not de jure he was clerk de facto.

### 2.—Same—Jury Wheel—Refilled and Names Redrawn—Held Proper Procedure.

Where, on discovering that the jury wheel had been improperly filled with names of jurors, the District Judges of Bexar County ordered the contents of the wheel destroyed and refilled, in compliance with the statute, which was done, and the jury drawn from this refilled wheel, this was proper practice.  See Atwood v. State, 96 Tex. Crim. Rep. 249, and other cases cited.

### 3.—Same—Continued.

The wrong list of jurors having been used in filling the wheel the first time, it was proper to use the correct list in refilling it the second time. That names in addition to those on the tax list were placed in the wheel was not improper.  Art. 2095, R. S., 1925, expressly directs the officers filling the wheel to place therein the *names of all men* who are known to be qualified jurors.   See Hodge v. State, 105 Tex. Crim. Rep. 396.

### 4.—Same—Evidence—Identification of Defendant—Properly Admitted.

Where the state was permitted to prove by prosecuting witness that he saw appellant in jail and heard him talk, and identified him as one of the men who committed the assault and robbery, and nothing that was said by appellant during the conversation in the jail was permitted to go in the testimony, no error was committed.

### 5.—Same—Bill of Exception—Multifarious—Presents No Error.

Where appellant complains of the refusal of the court to strike out all of the questions and answers of the witness Fox, his bill of exception presenting the matter is insufficient, in that it is too general, because said testimony related to several matters, and included a number of statements, which were clearly admissible, and there was nothing in the objection as disclosed in the bill to direct a challenge to the supposed objectionable matter.   See Vaughn v. State, 280 S. W. 772.   Also see Branch's P. C., Sec. 211.

### 6.—Same—Evidence—Motion to Withdraw—Properly Refused.

Where prosecutrix testified, without objection, that she was present at the jail, heard appellant talk, and recognized his voice, and appellant presented a special charge to the jury "That they could not consider as a means of identification the words uttered, and things said by defendant while he was in jail," said special charge was properly refused, for the reason that no words uttered, and nothing said by appellant while in jail went before the jury.

**7.—Same—Charge of Court—On Alibi—Held Correct.**

Where, in charging the jury on the defense of alibi, the court explained the meaning of the term and instructed them that if they had a reasonable doubt as to whether appellant was present at the place where the offense was alleged to have been committed, they should return a verdict of not guilty, the charge as given was correct, and has been many times approved. See Harris v. State, 31 Tex. Crim. Rep. 416, and other cases collated by Mr. Branch in his Ann. P. C., Sec. 52, p. 25.

**8.—Same—Charge of Court—Omission Cured by Special Charge.**

Where the court failed to limit for impeachment purposes testimony of the wife of appellant on her cross-examination that she had been indicted for an offense involving moral turpitude, the error in such failure was cured by the special charge given upon this subject at the request of appellant.

**9.—Same—Charge of Court—Exception Not Sustained.**

Where appellant excepted to the charge of the court because same omitted to charge upon the character of evidence necessary to identify appellant, the court properly refused to amend his charge to conform to this objection. It does not contain a sound proposition of law.

ON REHEARING.

**10.—Same—Jury Wheel—Refilling Same—Rule Stated.**

Where it becomes necessary for any cause to destroy the names of jurors placed in the jury wheel, and to refill same, its must be refilled from names taken from the proper list. In the case before us, it becoming necessary, because of the use of an improper list, and the failure to place the names of all of the known qualified jurors in the wheel, in refilling same, it was proper to use the correct list, and include all known qualified jurors. Distinguishing McNeal v. State, 274 S. W. 983.

**11.—Same—Identification of Defendant—Rule Stated.**

While it is well settled that it is not competent to prove by one who was present at the jail that he saw or heard the injured party identify the prisoner as the offender, it is equally as well settled that the injured party may testify that he saw the defendant in jail and identified him as the guilty party, and to state the facts and surrounding circumstances which enabled him to make the identification, without testifying as to anything said by the accused. See numerous cases illustrating this rule in the opinion on rehearing.

Appeal from the District Court of Bexar County. Tried below before the Hon. W. W. McCrory, Judge.

Appeal from a conviction of rape, penalty assessed at death.

The opinion states the case.

*O. B. Black* and *Henry Lee Taylor* of San Antonio, for appellant. On identification of accused in jail by prosecutrix, appellant cites: Fortune v. State, 259 S. W. 573; Reddick v. State,

34 S. W. 274; Weaver v. State, 150 S. W. 785; Johnson v. State, 250 S. W. 681.

*C. M. Chambers,* District Attorney; *Carl Wright Johnson,* Assistant District Attorney of Bexar County; *Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, Judge.—Conviction is for rape, the punishment assessed being death.

Appellant did not testify and the only evidence offered in his behalf was that touching an alibi. The case made by the state may be concretely stated as follows: On the night of the alleged offense the witness John H. Fox and Mrs. Moore, the prosecutrix, had been driving in an automobile. At the immediate time of the appearance of appellant they were sitting in front of the car on a blanket. It was a bright moonlight night. Two negroes approached them, each of them wearing masks and each of them being armed with a pistol. They robbed both Fox and prosecutrix, then marched them a short distance from the car into the brush, there one of the negroes with his pistol guarded Fox while the other took prosecutrix off a short distance and with the pistol forced her to copulate with him; he then returned her to the point where Fox was being detained by the other and they exchanged places and the other negro repeated the act with prosecutrix. The two negroes were described by Fox and prosecutrix as being "short" and "tall." Appellant was identified positively by them as the "short" negro by his stature and being "stooped" or "humped" shouldered, and especially by his voice. Another incident of identification was a blanket recovered by the officers from the home of appellant. This blanket belonged to Fox and was the one he and prosecutrix were sitting on at the time the two negroes appeared. Fox owned some hounds which he frequently carried in his car and kept this old army blanket to spread over the cushion to keep the dog hair from getting on it. It at one time had a hole burned in it. After the assault was committed upon prosecutrix by the two negroes she and Fox were permitted to return to the car and it was then discovered that the blanket was gone. This blanket was found in appellant's house. It was identified positively by Fox by the color of the dog hairs on it and the burnt hole. It is unnecessary to further set out the evidence. It is amply sufficient to support the verdict.

Appellant filed a motion to quash the indictment based upon the ground that the District Clerk of Bexar County administered the oath to the grand jury which returned the indictment and that said clerk, Howard D. Archer, was not legally appointed and lawfully qualified. The motion is based on the averment that Osceola Archer, who had been elected as such clerk, died on the 22nd day of June, 1925, and that the next day the five District Judges of Bexar County appointed Howard D. Archer as district clerk, but had failed to certify such action to the Governor so that a special election might be ordered to fill the vacancy temporarily cared for by such appointment, as provided by the statute then in force, being Art. 1686, R. S. This contention of appellant cannot be sustained. There is nothing in the record verifying the averments of the motion. It is apparent from the record that Howard D. Archer was clerk de facto.

Bills of exception 2 and 10 bring forward complaints relating to the venire from which the jury was selected, it being claimed that the jury wheel from which the venire was drawn was not filled in compliance with the statute. A hearing upon the matter developed the facts to be that the jury wheel was filled between the 1st and 15th days of August, 1925, by the parties designated by the statute, and that the names placed in the wheel were taken from the *poll tax list for 1924,* and that certain names were omitted which should not have been. After the decision of this court in Atwood v. State, 96 Tex. Crim. Rep. 249, 257 S. W. 563, the District Judges ordered the contents of the wheel destroyed and directed that it be refilled in compliance with the statute. (Hart v. State, 101 Tex. Crim. Rep. 514, 276 S. W. 233; Knott v. State, 100 Tex. Crim. Rep. 468, 274 S. W. 978; McNeal v. State, 101 Tex. Crim. Rep. 1142, 274 S. W. 981.) It was refilled in obedience to this order on the 14th day of January, 1926, the officers using the *rendition lists for 1925* from the tax assessor's office, and also the unrendered list for 1925. In addition to the names secured from these two lists, said officers placed in the wheel the names of all other persons known to them to be qualified jurors. They did not use the poll tax lists for the year 1924 as was done when the wheel was originally filled. It is further shown that the rendition lists used in refilling the wheel had been approved by the commissioners court on the 9th day of July, 1925, and was available when the wheel was originally filled in August of that year, but were not used. The complaint is that the same poll tax lists used originally should

have been again resorted to in refilling the wheel. This exact point was held adversely to appellant in Hodge v. State, Tex. Crim. Rep., 288 S. W. 1087, on the ground that the wrong list were used in the first instance, the list for 1925 having been approved and being available at the time. Revised Civil Statutes (1925), Art. 2094, provides that the tax lists to be used are those for "the current year." The complaint that names in addition to those on the tax lists were placed in the wheel seems without merit. Art. 2095, R. C. S. (1925) expressly directs the officers filling the wheel to place therein "the *names of all men* who are known to be qualified jurors." The disposition just made of the point raised by bills 2 and 10 also disposes of bills 3 and 4, the matters therein complained of being unavailing unless appellant's contention presented in bills 2 and 10 had been sustained.

Bill of exception No. 5 consists of four pages of questions and answers. There is nothing in the bill certifying it was the view of the trial court that the bill should appear in this form in order to advise this court of the question involved. Because in questions and answers the bill might very properly be dismissed without consideration. Reese v. State, 94 Tex. Crim. Rep. 220, 249 S. W. 857, and authorities therein collated; C. C. P., Sec. 3, Art. 760 (1925). However, on account of the punishment inflicted being death we have examined the bill, as is the custom in such cases, and find therefrom that the witness Fox identified appellant in the court room as one of the parties who had robbed him and his companion on the night of the alleged rape. He testified that he recognized appellant by his size, form and voice, but more especially by his voice; that some three months after the offense was committed he saw him at the county jail and heard him talk and recognized his voice the minute he heard him speak. He further testified that on the night of the alleged offense appellant wore a mask but that his hands were not covered; that they were black and he could see the wrinkles in his hands at the time he was searching witness and said appellant was "droop" or "hump" shouldered. It further appears from the bill that the witness Fox, in company with prosecutrix, went to the jail with an officer and there heard appellant talk and talked with him. Nothing said by appellant during the conversation was permitted to go in testimony, and so far as the bill shows the state made no effort to introduce any statement or act of appellant at the time.

The greater part of the bill consists of the questions and answers on cross-examination by appellant's attorney. The bill

recites that after the questions had been asked and answered by the witness a motion was made to strike out *all the "questions and answers."* It then sets out substantially the motion which appears to be directed at the testimony of Fox relative to having recognized appellant by the sound of his voice heard in jail. It is difficult to appraise the bill accurately. If it was appellant's desire to have the entire examination of Fox as reflected by the questions and answers stricken out, the bill is insufficient, and would present the same question decided many times by this court (one of the latest cases being Vaughn v. State, Tex. Crim. Rep., 280 S. W. 772), because much of the testimony elicited from Fox related to other matters than hearing appellant's voice in the jail. It has been the consistent holding that a bill was too general if it included a number of statements which were clearly admissible and there was nothing in the objection to direct a challenge to the supposed objectionable matter. (See Branch's Ann. P. C., Sec. 211.) However, giving the most liberal construction to the bill, if the purpose of the motion was to strike out that portion of the testimony of Fox which related to his statement that he identified appellant immediately upon hearing his voice while in jail, then we are of opinion still the bill does not present error. The objections were that appellant was in jail at the time, that no statement he made while in jail could be used in evidence against him, and that he had not been warned and his statement reduced to writing. The effort here is to extend the provisions of Art. 727, C. C. P. (1925) to exclude the evidence complained of. As heretofore stated, there was no effort made to introduce in evidence anything appellant said nor his manner while saying it, the witness only testifying to hearing his voice and his identification thereby. It certainly would not transcend said Art. 727 for a witness to testify that he observed a certain party while in jail and identified him at the time of this observation, the testimony being otherwise admissible. To hold as here contended for by appellant would be to extend the rule invoked beyond reasonable limits. Of course, if appellant had refused to talk this incident could not have been proven against him because it would have been an act of appellant while under arrest which might be regarded by the jury as significant and of a criminative character. It has been held permissible to prove that after arrest the shoes were taken off accused's feet and placed in tracks for the purpose of comparison or identification. Walker v. State, 7 Tex. Crim. App. 264; Guerrero v. State, 46 Tex. Crim. Rep. 447, 80 S. W. 1001; Pitts v. State,

60 Tex. Crim. Rep. 527, 132 S. W. 802. The principle there involved seems similar to hearing accused's voice while in jail.

The statement of facts reveals that prosecutrix testified as did the witness Fox that she was present at the jail, heard appellant talk and recognized his voice. If any objection was interposed to this testimony the record fails to disclose it, but we find an exception to the charge as shown by bill of exception 7f, complaining because the court did not instruct the jury as follows: "That they cannot consider as a means of identification the words uttered and things said by defendant while he was in jail." We infer from this objection that appellant was undertaking to raise in this manner the same question relative to prosecutrix's testimony as was presented in bill No. 5, relative to the testimony of the witness Fox. There was no error in failing to give this instruction. No words uttered and nothing said by appellant while in jail went before the jury.

Appellant did not testify. By other evidence the issue was raised that at the time the offense was committed appellant was at his place of business. Bills of exceptions 7a, 7b and 7c bring forward exceptions to the charge on alibi. The court told the jury that one of appellant's defenses was that of an alibi, explaining the meaning of the term, and immediately following instructed the jury if they had a reasonable doubt as to whether appellant was present at the place where the offense was alleged to have been committed they should return a verdict of not guilty. The charge given has been many times approved. See the authorities collated by Mr. Branch in his Ann. Tex. P. C., Sec. 52, p. 25, among them being Harris v. State, 31 Tex. Crim. Rep. 416, 20 S. W. 916; Hines v. State, 40 Tex. Crim. Rep. 26, 48 S. W. 171; Stevens v. State, 42 Tex. Crim. Rep. 175, 59 S. W. 545.

It appears from bill of exception No. 7d that appellant excepted to the court's charge for failing to limit for impeachment purposes the testimony elicited from the witness Ruth Briscoe, wife of appellant, that she was under indictment for an offense involving moral turpitude. The court gave a special charge requested by appellant upon this subject which protected appellant's rights in every particular.

Bill of exception 7e is an objection to the charge for failure to limit certain testimony elicited from the witness Irvin Allen. The court also gave appellant's special charge with reference to this matter.

Bill No. 8 shows exception because the court omitted to charge

upon the character of evidence necessary to identify appellant. The court properly refused to amend his charge to conform to this objection. It does not contain a sound proposition of law. Bill No. 9 only raises the question of the sufficiency of the evidence, which has heretofore been disposed of.

Finding no error in the record calling for reversal, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In combating the legality of the action of the officers in using the list for the year 1925 in refilling the wheel, counsel adverts to the expressions in the opinion of this court in the case of McNeal v. State, 274 S. W. 983, from which we quote:

"The action of the court in filling the wheel in February, 1924, was intended to provide jurors for the year in substitution for those in the wheel as filled in August preceding. To have drawn the names of the proposed jurors from a different list than that used in filling the jury wheel in August before *would have furnished ground for complaint and would have appeared a departure from a fair effort to use the names on the tax list of the whole body of jurors which should have been placed in the wheel in August, 1923.* The same holding is in No. 8975, Knott v. State (Tex. Cr. App.), 274 S. W. 978, opinion February 11, 1925."

The language used, while applicable to the facts before the court in McNeal's case, is not pertinent in the present instance for the reason that the facts are different. In McNeal's case, the jury wheel was filled between the 1st and 15th days of August, 1923, using the tax list in the tax assessor's office for the current year. The officers, however, in that, as in the present case, omitted the names of a number of jurors. Such omission was declared illegal by this court in Atwood's case, 96 Tex. Crim. Rep. 249, 257 S. W. 563, opinion January 2, 1924. Thereafter, in February, 1924, the wheel was refilled from the same list previously used and the names which had been omitted were embraced. The action was attacked by McNeal. It is to be noted that the list originally used in McNeal's case was the proper list. The only fault in the action of the officers being the failure to use all the names which were upon the list and which should have been placed in the wheel. This court properly held that in refilling the wheel the *same list* should be used. In the present case, however, the officers in using the list for

the year 1924 *did not use the proper list*.   In other words, they not only omitted the names of the jurors who should have been included but they took the names from the wrong list.   There was at the time they first filled the wheel the list for the *current year 1925 in the tax assessor's office*.   That list should have been used.   In other words, the facts authorizing the abandonment of the names put in the wheel originally, the court was justified not only because the list was incomplete but because it was not the proper list at all.   In ordering the wheel refilled in January, 1926, the proper action was taken in using the list in the tax assessor's office which was approved July 9, 1925, for the current year of 1925.

In his motion for rehearing appellant reiterates his contention that error was committed by the court in refusing to strike out that part of the testimony of the witness Fox, which from the bill, we quote:

" * * * and moves the court to strike out the testimony of the witness Fox where he says that he identified the defendant in jail by virtue of his voice."

We know of but little to add to the remarks on the subject embraced in the original opinion.   As stated therein, the bill of exceptions, so far as it shows the testimony given by the witness, is in question and answer form.   It appears therefrom that the witness, while on the stand, testified to the identity of the appellant.   In his direct examination, Fox testified that he was assaulted by two men, one tall and the other small.   He said:

"I will say that I could identify the small man.   That is him sitting back of Mr. Black.   * * *   I am positive that he is the man.   * * *   I can identify him by his voice, by his white eye and by his shape.   * * *   At the time he held us up * * * it was just as light as day, and I could see the little crevices and wrinkles in his hands when he was searching me.   He is the man that is stooped or hump-shouldered or both.   * * *   I am positive that this is one of the men that held us up that night."

The witness further related the occurrence when he and his companion were assaulted and testified in detail to the transaction and the conversation, that is to say, the words that were used by the appellant and his companion during the time that the witness was robbed.   The witness further said:

"I identified him at the jail.   It was on his voice, his height and description and his build also, that I identified him, but his voice was the main thing."

This was drawn out on cross-examination. As stated in the original opinion, there were other means of identification than upon the testimony of this witness alone. Counsel refers to the cases of Walker v. State, 96 Tex. Crim. Rep. 35; Sterrett v. State, 265 S. W. 1034; Fortune v. State, 259 S. W. 573; Reddick v. State, 34 S. W. 274; Johnson v. State, 250 S. W. 681. There were two other cases mentioned but they have not been found. We have failed to find in either of these cases or in any other to which our attention has been drawn a precedent for holding the testimony of the witness inadmissible. The precedents to which the appellant refers support the proposition that it is not competent to prove by one who was present at the jail that he saw or heard the injured party identify the prisoner as the offender. This was held in Reddick's case, 34 S. W. 274, and Johnson's case, 250 S. W. 681, and many cases cited therein.

In Walker's case, supra, the witness who had been robbed testified that the robbery took place upon a dark night, and judging from the man's size and voice, it was the opinion of the witness that the defendant took his money. The assault took place in a dark room, and the witness was unable to distinguish his assailant save that he was a man. There was nothing unusual in his size or shape and nothing peculiar but his voice. It was just an ordinary voice. This was held insufficient, citing Ency. of Ev., Vol. 4, p. 924.

Fortune's case, 265 S. W. 1034, was in line with the cases of Reddick v. State and Johnson v. State, supra, that is, the relation by a third party of the fact that the injured party pointed out the accused while in jail. Such testimony has been long and frequently held obnoxious to the hearsay rule. These holdings have no relevancy in the present case as bearing upon the admissibility of the testimony of the witness Fox, which, as above stated, is only a part of the identifying evidence. As stated in the original opinion, it is not believed that the statement of the witness Fox that he became acquainted with the appellant's voice during the assault, and afterward the similarity of voice, together with other circumstances, enabled him to identify the appellant, was inhibited by the confession statute, Art. 727. It seems more in accord with the well-established principle to which the writer of the original opinion adverts in which the act of one accused of crime in putting his foot into the tracks for the purpose of comparison has been held not violative of the confession statute. In addition to the authorities cited, see also Moore v. State, 87 Tex. Crim. Rep. 569. See the comprehensive dis-

cussion of the subject in the case of State v. Graham, 74 N. C. 646, as quoted in the Moore case, supra, especially page 575.

In the light of the thoughtful and carefully prepared motion for rehearing, and with full realization of the gravity of the matter before us, we have re-examined the record and authorities, and feel that in his trial appellant has been unduly restricted of no legal right, and that the evidence supports the conclusion of the jury that the appellant committed the offense. Under these conditions, this court is without authority to annul the conviction.

The motion is overruled.                    *Overruled.*