### Johnnie Barnes v. The State.

No. 10709.   Delivered March 2, 1927.

Rehearing denied April 6, 1927.

1.—Assault to Rob—Bills of Exception—Qualification of Court—Controls.

There are several bills of exception contained in this record, each one of which is qualified by the trial court to the effect that the matters complained of are not correctly presented in the bill. It is the well settled rule of practice in this state that where the appellant accepts the qualifications of the court to his bills of exception he is bound by them, and this court views such bills as qualified.

ON REHEARING.

2.—Same—Evidence—Identification of Accused—Held, Proper.

There was no error in permitting the injured party to testify that he heard appellant talk while under arrest, and recognized him by his voice. The witness also positively identified the appellant, aside from the fact that he heard him talk while under arrest.

3.—Same—Bill of Exception—Qualification of Court—No Error Shown.

Where appellant presents a bill of exception and same is qualified by the trial court with the statement to the effect that the matters set up in

said bill did not occur as therein stated, such qualification destroys the bill, and it presents no error.

Appeal from the District Court of Galveston County. Tried below before the Hon. J. C. Canty, Judge.

Appeal from a conviction for an assault with the intent to rob, penalty ten years in the penitentiary.

The opinion states the case.

*John H. Barbour* of Galveston, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is assault with intent to rob, punishment fixed at confinement in the penitentiary for a period of ten years.

According to the testimony of the witness, Bleich, he was assaulted and wounded by the appellant. Using a knife and pistol, he inflicted upon the witness several wounds. According to Bleich, the appellant had formerly been in his employe. He was well acquainted with his appearance and his voice. As Bleich was about to close his store late in the evening, the appellant, wearing a mask over a part of his face, confronted the witness, presented a pistol and demanded that the safe be opened and money given him. Bleich told him that he did not have the combination and therefore could not open the safe. Appellant struck Bleich several blows with a knife, each time demanding the safe be opened. Bleich holloed "murder," and the appellant hit him with the pistol and said: "Give me five dollars quick." This Bleich did not have, and the appellant became frightened and fled. He was afterward arrested and taken to the police station. Bleich saw him there, had a conversation with him and recognized his voice and appearance. He was positive in his identification of the appellant at the trial. After the assault, Bleich was taken to the hospital and his wounds dressed.

Appellant testified in his own behalf. He introduced a woman as a witness upon whose testimony, as well as his own, the theory of alibi was presented, the claim being that at the time of the assault he was at the home of the witness in Galveston.

Appellant's counsel prepared some bills of exceptions. The point sought to be raised by bill No. 1 is that after the arrest of the appellant and while he was at the police station and in custody, Bleich saw him and heard him talk, and testified that

he recognized the voice as that of the appellant. The bill is qualified with a statement to the effect that the bill was not correct in stating that the only means of identification of the defendant was by his voice, "as the witness Bleich positively identified the defendant on the trial."

Bill No. 2, as prepared by the appellant, complains that upon the trial appellant's witness testified that the appellant was supposed to have had some trouble at the United States National Bank. The receipt of this testimony is attacked upon the ground that it tended to show another offense which was in no way relevant. The court declined to approve the bill, stating that no such testimony was received. The bill having been accepted with this qualification, it is binding upon the appellant.

Bill No. 3 is a complaint of the refusal of the court to instruct a verdict of not guilty upon the theory that the appellant was not identified save by his voice and that this circumstance alone was not sufficient to warrant his conviction. The court declined to approve the bill as written, stating that the voice was not the only means by which the appellant was identified by Bleich as his assailant, but that Bleich positively identified him in the court room, and his testimony was supported by the officer who made the arrest. From the statement of facts, as above indicated, it appears that the appellant had worked for Bleich and that Bleich was well acquainted with him, knew his voice, and recognized him. Although his face was partially hidden, he recognized his appearance and was positive upon the trial that the appellant was the offender.

The evidence is deemed sufficient and the bills, as qualified, show no error.

The judgment is affirmed.                    *Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Two propositions are advanced in appellant's motion, one of them being that we erred in holding admissible the fact that appellant talked while under arrest and a witness was permitted to testify, over objection, that he heard appellant talk and identified him by his voice. We might observe that the testimony of this witness was positive upon the proposition of identification, aside from the fact that he heard the defendant talk while under arrest. However, we think the fact that the witness testified that he heard appellant talk while under arrest and recognized his voice and that he identified him by his voice, was admissible, and we find nothing in the authorities cited by appellant holding to the contrary.

The bill of exceptions containing the complaint referred to by appellant in his other ground of the motion for rehearing was refused by the trial judge with a statement appended to the bill of exceptions to the effect that the matters set up by appellant in said bill did not occur as therein stated.

The motion for rehearing is overruled.          *Overruled.*