### GLENNIE LUNCEFORD v. THE STATE.

No. 10854.   Delivered October 12, 1927.

Rehearing denied December 14, 1927.

**1.—Manufacturing Intoxicating Liquor—Charge of Court—On Principals—
    Proper.**

   Where appellant was arrested by officers at a still in full operation,
another man being present with him, and denied all connection on the trial,
with the still, the court properly charged the jury on the law of principals.

**2.—Same—Charge of Court—On Converse of State's Case—Properly Given.**

   Appellant complains of the court's failure to charge on the converse
of the law of principals in an affirmative way.   Paragraph 6 of said
charge clearly and correctly presents the converse of the state's theory.

**3.—Same—Charge of Court—On Alibi—Held Sufficient.**

   Where appellant claimed that he had never been at the still prior
to the time of his arrest, and the court charged the jury that if they had
a reasonable doubt as to whether appellant had been at the still prior
to his arrest to acquit him, such instruction was sufficient to cover this
issue.   See Briscoe v. State, 106 Tex. Crim. Rep. 402.

                        ON REHEARING.

**4.—Same—No Error Shown.**

   On rehearing a further examination and consideration of this record
confirms us in our original opinion affirming the judgment, and the motion
for rehearing is overruled.

Appeal from the District Court of Smith County. Tried below
before the Hon. J. R. Warren, Judge.

Appeal from a conviction for manufacturing intoxicating
liquor, penalty one year in the penitentiary.

The opinion states the case.

*Gentry & Gray* of Tyler, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*,
Assistant State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is manufacturing intoxi-
cating liquor; the punishment confinement in the penitentiary
for one year.

The facts upon which the prosecution was based are these:
Appellant was arrested by an officer at a point twenty or twenty-
five steps from a still.   The still had a fire under it, was in oper-
ation and whiskey was dripping from the worm.   Near the still

there were fourteen gallons of whiskey. The still was located in a concealed place where the ground was muddy and marshy. Prior to arresting appellant the officer watched appellant gather an armful of wood, which he placed on his shoulder. Appellant started in the direction of the still and the officer followed him for fifteen or twenty steps. The officer then stopped appellant and appellant dropped the wood. Whereupon the officer asked appellant what on earth he meant, and appellant replied that he wouldn't have done it if he hadn't been head over heels in debt. There was whiskey mash on appellant's clothing, and he was wet and muddy. A man by the name of Will Sparks was arrested while running away from the still.

. Appellant testified in substance that he was looking for certain parties and that hearing someone talking he called them; that someone answered him from a concealed place, and told him to bring an armful of wood with him; that he thought the parties who spoke to him were boys engaged in barbecuing meat of some kind; that in compliance with their request he picked up some wood and had started in their direction when he was arrested by an officer. Appellant denied that he knew anything about the still, testified that he had never been about it or seen it and knew nothing of the unlawful manufacture of whiskey, and had no connection with any such enterprise. He further denied that he made the statement attributed to him by the officer. Several witnesses testified that appellant was in a place other than in the vicinity of the still for several hours previous to a short time before he was arrested.

We find one bill of exception in the record. This bill preserves appellant's exception to the action of the court in overruling his objections to the charge.

As shown by appellant's bill of exception, his first complaint is that the court erred in embodying in his charge an instruction on the law of principals, it being urged by appellant that the evidence was insufficient to raise an issue authorizing such instruction. We are unable to agree with appellant that the testimony does not raise the issue that appellant and another were acting together in the commission of the offense.

Appellant's next complaint is that the court erred in failing to charge the converse of the theory of the state that appellant and Sparks were principals. In paragraph 5 of his charge the court instructed the jury in substance that if they believed beyond a reasonable doubt that appellant either alone or acting together with another person, namely Will Sparks, did on or about the time and place charged in the indictment manufacture

spirituous liquors capable of producing intoxication, they would find him guilty and assess the proper punishment; and that unless they so found they would not find him guilty. An inspection of paragraph 6 of the court's charge discloses that it covers the converse of the state's theory, and that it is an affirmative presentation to the jury of the defensive theory. It follows that we are unable to sustain appellant's contention.

Appellant complains of the action of the trial court in failing to instruct the jury on alibi. The court, in substance, instructed the jury that if they had a reasonable doubt as to whether appellant had been at the still prior to the arrest they would acquit him. We think this instruction was sufficient to cover the issue raised by appellant that he had never been to the still previous to his arrest.

Finding no error, the judgment is affirmed.     *Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his motion appellant again renews his insistence that the trial court ought to have given a more extended charge on alibi. We have held in many cases that where the court instructs the jury that they are to acquit if they have a reasonable doubt of the presence of the accused at the time and place of the commission of the offense, that this is a sufficient charge on alibi, when that is a defense. Some authorities are cited in the case of Briscoe v. State, 106 Tex. Crim. Rep. 402. As stated in the original opinion, a charge on alibi in this form was given by the trial court. We think it sufficient.

The court charged on principals, telling the jury that if they believed from the evidence beyond a reasonable doubt that appellant either alone or acting with another person, viz: Will Sparks, did on or about the time charged manufacture spirituous liquor capable of producing intoxication, to find him guilty; and unless they so found they would find him not guilty. We have been cited to no case holding this not a sufficient presentation of the converse of the issue of principals. It appears to us that this presents said converse as fully as if the court had elaborated the idea more at length.

The motion for rehearing is overruled.     *Overruled.*