## J. B. Slone v. The State.

No. 14781. Delivered January 27, 1932.
Rehearing Denied June 24, 1932.
Reported in 51 S. W. (2d) 604.

The opinion states the case.

*Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft of turkeys; the punishment, confinement in jail for 100 days.

Howard Kelly testified that he lost six turkeys on February 10, 1930. He further testified that he found his turkeys in possession of the Potter Produce Company in the town of Ballinger, and carried them home. · The proprietor of the produce house in Ballinger testified that on the 11th of February, 1930, he bought the turkeys in question from appellant. At the time the turkeys were purchased, the proprietor of the produce house took the number of the car appellant was driving, and it was later found that this number belonged to the car of appellant's father. Appellant lived with his father. Appellant denied that he sold the turkeys to the produce house, and declared that he was at home on the date it was alleged that the turkeys were stolen. Other witnesses gave testimony substantially the same as appellant's on the question of an alibi. Appel-. lant's father testified that about February 10, 1930, he loaned his automobile to a man by the name of Fugit and that Fugit later returned the car to him.

Appellant complains in his bill of exception No. 1 of the action of the court in permitting the injured party to testify that he recovered the turkeys in question in the town of Ballinger and carried them back home with him. There was no question as to the identity of the turkeys. The opinion is expressed that the bill of exception fails to reflect error.

The injured party testified that the theft occurred in Coleman county. In bill of exception No. 2 appellant brings forward this testimony, with his objection thereto. It was uncontroverted that the injured party's turkeys were stolen. The question was whether appellant was guilty, and the statement by the wtiness that the theft occurred in Coleman county could not, in our opinion, have injured appellant.

After appellant had been arrested and placed in jail he was taken by the sheriff from Coleman to Ballinger, where the proprietor of the produce house observed appellant for the purpose of determining whether he could identify him. It is disclosed by bill of exception No. 4 that appellant objected to the testimony of this witness to the effect that he looked at appellant while he was in Ballinger and recognized him as being the same man he bought the turkeys from six or seven days prior thereto. This matter presents no error. In the case of Barnes v. State, 106 Texas Crim. Rep., 394, 292 S. W., 548, it was held that it was not error to permit a witness to testify that he heard the accused talk while under

arrest and recognized his voice, and that he identified him by his voice. Again, in Briscoe v. State, 106 Texas Crim. Rep., 402, 292 S. W., 893, it was held that it was not error to permit a witness to testify that he listened to the voice of the accused while he was in jail and recognized him by his voice. See, also, McKee v. State, 118 Texas Crim. Rep., 479, 42 S. W. (2d) 77. In the present case no effort was made to introduce any declaration appellant made while he was being observed by the witness. No act on the part of appellant was sought to be shown.

Several bills of exception bring forward objections to the argument of the district attorney. In one of these bills it is shown that the district attorney stated, in substance, that appellant stole the turkeys and ought to be punished; that it would teach him not to steal the turkeys that the good women of Coleman county had followed through the dew and mopped the redbugs off of. The court overruled appellant's objection to this argument, and refused to instruct the jury not to consider it. While it might not be proper for the district attorney to state his opinion as to the guilt of the accused, we would not feel warranted, under the facts of this case, in ordering a reversal because of the argument.

An examination of all of appellant's contentions leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.