AARON GAINES V. STATE.

No. 25606. January 9, 1952.
Rehearing Denied March 19, 1952.

106

Hon. F. A. Loudermilk, Judge Presiding.

*Gib Callaway,* Brownwood, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was convicted for unlawfully transporting whisky in a dry area and assessed a fine of $400.00 and sixty days in jail.

The officers testified that on February 28th, 1951, they drove into a section of the city inhabited by Negroes and, at about 9:30 or 10 o'clock, they noticed a car parked near a filling station. As they went on they began to speculate as to what it was for. After going four or five blocks they turned and went back to see whose car it was. When they had gone about a block they met appellant. They recognized him. As they approached the car they had seen on the street it was backing into the street and came meeting the officers. They turned around and started following both the cars, that which was driven by appellant and the one which had attracted their attention.

It is a little difficult to follow the route of their travel for one not familiar with the streets, but the evidence shows that in their movements they came upon appellant's car standing on the street without lights. As the officers turned their lights on, a short distance away, the appellant's car started up gaining speed quite rapidly. The officers had their lights on as the car approached and they testify that they recognized appellant as the driver of the car. Much stress is laid on the argument that it was impossible for the officers to recognize the appellant under the circumstances. That matter was submitted to the jury, however, and was a question for them to pass upon. The officers pulled near the curb in an effort to stop the passage of appellant's car but misjudged the distance between their car and a fire plug. Appellant passed by and was traveling at a fast rate of speed for city driving. The officers gave chase but the dust of the street made it difficult to follow the fleeing car. Finally appellant's car failed to make a turn at a corner and went into a light pole. It was there abandoned by its driver and was taken in charge by the officers. The left hand door of the car was open when they arrived and they could smell alcoholic liquor. They

testified: "We looked in that car as quick as we could get there and stop. When we got to the car and found the door open, we first looked to see what happened to the driver, but there was no one at the car."

The officers found between the seats on the floor a part of a case of whisky. There was some on the seat and some on the floor, totaling forty-one half pints of whisky in all. Three bottles were broken and the floor board was wet with whisky. They then took the car to the jail yard and removed the whisky from it, locked it up, and brought the same into court as evidence.

After they took the car to the jail the officers made further search and found some papers which were also presented in court. One of these is a Federal Liquor Dealer's license and is introduced as State's Exhibit No. 2. Other evidence of the ownership of the car was also found. The foregoing statement presents the questions which are raised by appeal in his brief and which require our consideration.

The first bill of exception complains of the failure of the court to quash the complaint and information because they do not contain the words "for the purpose of sale," it being the contention that it is no violation of a law to transport whisky except for the purpose of sale, and that in order for the complaint to be valid it would have to so allege. A very ingenious and not at all unreasonable argument is presented in appellant's brief in support of this contention. The court has held to the contrary frequently and we refer to the very able opinion on the subject by Judge Hawkins in Knott v. State, 100 Tex Cr. R. 468, 274 S.W. 978. The authorities supporting the positive statement in that case are listed and have been consistently followed. Appellant's contention will not be sustained. Appellant discusses in his brief the case of Walton v. State, 144, Tex. Cr. R. 335, 163 S.W. 2d 203 and Hess v. State, 145 Tex. Cr. R. 343, 168 S.W. 2d 250. We do not think these cases sustain his position. They deal with the question of the sufficiency of the evidence and not the requirements for the complaint and information.

A more serious question was raised by objection to introduction in evidence of the things found in the car. This was on the ground that they were taken without a search warrant and therefore unlawfully obtained. We have always held that when

evidence is admitted, even wrongfully, the appellant cannot complain if he should testify or prove by his witnesses the same thing. On page 21 of the statement of facts we find a stipulation "* * * that these 41 half pints bottles, which have been identified as having been found in the car on the night in question contain whisky; and that they are the same bottles found in the car, and in the same box; and that the empty broken bottles were also found in the car on the night of February 28, 1951." See 4th Tex. Jur., Sec. 414, page 586, for a general discussion of the subject.

It is further contended that it was error to admit in evidence the federal instrument above described and we do not find this in the stipulation. The officers had authority after seeing the whisky to confiscate the car. It was their duty under the law to do so and take it in custody, as they did. This carried with it the right to examine the contents. The foregoing review of the statement of facts discloses that this instrument was recovered after the car was taken to the jail yard.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

MORRISON, Judge.

Appellant urges us to hold that the officers who testified could not have recognized appellant as he passed them in his car on the night in question and, therefore, their testimony should be rejected as being no evidence at all. To support appellant's contention would effect a usurpation of the function of the jury never contemplated by the framers of our Constitution.

Appellant again questions the admissibility of the internal revenue notice addressed to appellant and found by the officers in the automobile in question. It should be borne in mind that in this case appellant did not testify nor did he offer any witnesses in his behalf. He contends that his objection thereto did not raise the question of the officers' right to search the vehicle, but was directed solely to the contention that such evidence was hearsay and not relevant to any issue. In analyzing such a contention, the notice in question would stand on the same footing as a letter addressed to accused. Could we consistently say that where an automobile is found abandoned, containing such a letter, that the letter would not be relevant to the

issue of ownership or the issue of who had been its driver prior to abandonment? Though not conclusive, such evidence would certainly be relevant on such issue and hence admissible.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.