## LEE HERRIN v. THE STATE.

No. 8815.   Delivered April 1, 1925.

Rehearing denied May 6, 1925.

1.—Posessing Intoxicating Liquor—Juror—Householder and Freeholder.

Where it is not disclosed on the *voir dire* examination, but after verdict it is found that one of the jurors is neither a householder, nor freeholder, in the absence of injury shown, such fact would not entitle appellant to a new trial. Following Leeper and Powell v. State, 29 Tex. C. A. 63 and cases collated in Branch's Ann. Tex. P. C., Sec. 548, p. 282 and other cases cited.

2.—Same—Charge of Court—On Possession—Held Correct.

Where under a proper indictment the court charged the jury that proof of the possession of more than one quart of intoxicating liquor shall be *prima facie* evidence of guilt, but the defendant shall have the right to introduce evidence showing the legality of such possession. *Held* Correct. Following Newton v. State, 267 S. W. 272 and other cases cited. Also Laponite's case, 31 A. L. R. 1212 for general discussion of the subject.

ON REHEARING.

3.—Same—Evidence—Held Sufficient.

The proof in this case establishes that appellant met the intended purchaser at night, in the country with two quarts of whisky in his possession, in pursuance of a previous agreement, and was in the actual possession of said two quarts when arrested. Under this evidence we cannot find it reasonable to say that the judgment is not supported by the evidence, and the cause is affirmed.

Appeal from the District Court of Newton County. Tried below before the Hon. V. H. Stark, Judge.

Appeal from a conviction of possession of intoxicating liquor; penalty, one year in the penitentary.

The opinion states the case.

*J. B. Forse,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for the possession of intoxicating liquor for the purpose of sale, punishment one year in the penitentiary.

On ground of the motion for new trial was that the juror Terry was neither a freeholder or householder, and that this was not known to attorneys representing defendant until after verdict. When the general question was asked the jurors upon their voir dire examination relative to such matter Terry answered in the affirmative, believing that he was a householder. Counsel for defendant did not interrogate him on this point taking it for granted the juror had answered correctly. In fact he was neither a householder nor a freeholder. Reliance is had on Boren v. State, 23 Texas Ct. App. 28, 4 S. W. 466; Hanks v. State, 21 Texas 256; Henrie v. State, 41 Texas 573; Armendares v. State, 10 Texas Ct. App. 44 as supporting the contention that this fact entitled defendant to a new trial. All the cases relied on were overruled in principle, and the Boren and Armendares cases specifically in Leeper and Powell v. State, 29 Texas Ct. App. 63. In the absence of injury shown, the latter case has been consistently followed. See cases collated in the last paragraph of §548, p. 282, Branch's Ann. P. C.; also Martinez v. State, —— Texas Crim. Rep. ——, 57 S. W. 839, Watson v. State, 82 Texas Crim. Rep. 462, —— S. W. ——, and cases therein cited.

The court instructed the jury in accord with §2e of Chapter 22, 2d C. S. 38th Leg., that proof of the possession of more than one quart of intoxicating liquor shall be prima facie evidence of guilt, but the defendant shall have the right to introduce evidence showing the legality of such possession. This charge was excepted to, but no reasons for same are stated. This charge where appropriate, has been upheld in Newton v. State, 267 S. W. 272 and Stoneham v. State, 268 S. W. 156, based upon Fleck v. State, 34 Texas Crim. Rep. 314, 30 S. W. 794; O'Brien v. State, 90 Texas Crim. Rep. 276, 234 S. W. 668, and the authorities cited in Newton's and Stoneham's cases. See also Laponite's case 31 A. L. R. 1212 for general discussion of the subject with notes on opinions from many states. In the present case the jury were told that the burden of proof rested upon the State, and they were required to find from the evidence beyond a reasonable doubt that defendant was guilty before a conviction was authorized. The defensive issues were also properly submitted wherein the jury was told that if defendant was in possession of the whiskey for medicinal purposes for the use of

his family, or if such possession of it was not for the purpose of sale, he would be entitled to an acquittal, or if they entertained a reasonable doubt upon either of such issues they could not convict. As guarded in the instructions we perceive no error in giving the charge to which objection was interposed. We think Gorman's case, —— Texas Crim. Rep. ——, 106 S. W. 384, relied upon by defendant, does not support the objection now made. Gorman was charged with a particular sale of whiskey. The court there instructed the jury that if Gorman had a retail liquor dealer's license it would be prima facie evidence of his guilt in making the particular sale, when the statute only made it prima facie evidence that he was engaged in the business of a retail liquor dealer. It was very properly held that such instruction went beyond the statute.

It is urged that the evidence is not sufficient to show that the liquor found in appellant's possession was had for the purpose of sale. The sheriff testified that on the night of February 27th he was in the road not far from appellant's house and saw a car drive up, turn and stop; that witness walked up the road directly behind the car and heard some one whistle outside the road; that he walked towards where the whistle came from and there saw appellant sitting on the ground beside the trail with two quarts of corn whiskey immediately in front of him and within reach of his hand. The parties in the car were Albritton and Stoker. The defendant was about twenty steps from where the car stopped. Stoker testified that during the day prior to the incident testified to by the sheriff he had seen defendant in the town of Newton and inquired if witness could get some whiskey from defendant for sickness; that defendant replied that he had a little at home. Stoker says he did not ask the defendant to sell him the whiskey, nor did the defendant say he would sell it to him. It appears further from Stoker's testimony that a Mexican had given him two dollars and requested witness to bring him a quart of whiskey also if he could get it. He had gotten the money from the Mexican before he first talked to the defendant. Witness says defendant told him to come down to his house, that he had some whiskey and would divide with him; that he did not say he would let him have two quarts. But defendant had two quarts when the officers interrupted the transaction. Defendant testified that he did not have the whiskey for the purpose of sale but had it for medicine; that some of his family had the measles, and that Stoker told him some of his (Stoker's) folks were sick and was asking about some whiskey for them; that defendant told him he had some and would divide with him; that he did not have the whiskey out there near the road for the purpose of selling it to Stoker.

We can not agree that the evidence does not support the jury's finding that appellant was in possession of the whiskey for the purpose of sale. The transaction appears to have been too surreptitious in its character to indicate a friendly furnishing of liquor to a neighbor on account of sickness in his family. The appearance of Stoker near appellant's premises at night, the mysterious whistle which attracted the attention of the sheriff, the defendant's waiting attitude with the whiskey in convenient reach of his hand, these facts do not .comport with a possession thereof for a purpose in consonance with the contention of accused. The jury having passed upon this issue of fact, we would not be authorized in saying that they were not justified in reaching the conclusion reflected by the verdict.

The judgment is ordered affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, Judge.—The motion is based upon the sole proposition that we were in error in holding that the facts justified the jury in finding that appellant was in possession of the liquor for the purpose of sale. In support of his contention he refers us . to Hester v. State, 262 S. W. Rep. 484. We do not regard the facts of that case as at all paralled with the facts shown in the present one. Hester had just gotten some whiskey from a negro at the latter's house. Officers found Hester in possession of the liquor before he left the house. If the negro from whom Hester got the whiskey had been on trial the case would have been more nearly in point.

We think the verdict and judgment should remain undisturbed. The motion is overruled.

*Overruled.*