JIMMY RICHARDSON V. STATE.

No. 26,910. March 31, 1954.

No attorney for appellant of record on appeal.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is rape; the punishment, death.

This is the second trial for the instant offense, the venue having been changed from Anderson to Freestone County. The reversal of the prior conviction in Anderson County, which also resulted in a death penalty, is reported in 158 Tex. Cr. Rep. 536, 257 S. W. 2d 308.

The injured party, a fifteen-year old girl, testified that she was awakened by appellant in the middle of the night as she lay in her bedroom located at the back of her parent's home; that he put his hand over her mouth and told her to keep quiet or he would kill her; that he drug her out an open doorway near her bed, and she, clutching the sheets, pulled them out with her; that as soon as they got on the ground the appellant beat her and choked her into insensibility. The witness further testified that when she regained consciousness the appellant was still holding her, and they were about ten feet from the house; that appellant bit her in the throat to stop her scream-

ing, drug her to a barbed wire in a garden patch, and there ravished her. Prosecutrix testified that during the course of her struggle with the appellant and while he was trying to kiss her she had bitten his tongue.

The witness stated that sometime after the attack she had picked the appellant out of a group of four men of his same race in the jail.

The mother of the prosecutrix testified that she, the injured party and two small children were the only persons at home on the night in question, because her husband was working as a night watchman; that she was awakened by a noise but did not go to investigate because earlier in the night some dogs had been fighting on the porch, and she attributed the disturbance to them; that she dozed off again and had just awakened when the injured party came in and reported that she had been dragged from the house, beaten and raped. The witness said that her daughter was bruised, bloody, and had mud in her hair and on her torn nightgown, it having rained that night.

The father of the prosecutrix testified that he returned home as soon as he was notified and was present with the officers as they made their investigation at his home. He stated that he found a pair of shoes, which were later identified as belonging to appellant, near the front steps; found a key on a chain, which was later shown to belong to appellant's automobile; found the sheets from the prosecutrix' bed lying in an open doorway leading outside from the prosecutrix' bedroom and found footprints leading away from this doorway.

One of the investigating officers testified that he found a broken bracelet, later identified as belonging to appellant, near the barbed wire.

Appellant's automobile was found some distance down the hill from the scene of the attack.

The investigating officers arrested the appellant some short while later that night, and his wet and muddy clothes were recovered from his house.

A plaster of Paris cast of appellant's foot was taken after his arrest, and an expert testified that it was identical to a cast of the footprint found near the scene of the crime.

Two companions of appellant, who had spent the earlier part of the evening drinking with him, identified the shoes, shirt, trousers and bracelet introduced in evidence as being those worn by appellant on that night.

Dr. Hunter testified that he examined the prosecutrix shortly after the assault, describing her many bruises which included the teeth marks on her neck, and that he discovered male sperm in her vagina. Dr. Hunter also examined the appellant the same night and testified that his tongue had been bitten.

Appellant did not testify but did prove by the sheriff that prior to the attack he had had some trouble with the prosecutrix being on the streets at night.

The appellant also sought to prove by the Texas Almanac that the moon was not shining at the time of the assault.

By bills of exception appellant complains of the introduction into evidence of certain pictures. They depict appellant's automobile, the clothes line and barbed wire mentioned in prosecutrix' testimony, the location where appellant's shoes were found at the steps of prosecutrix' home, prosecutrix' bed, and a picture of prosecutrix taken at the hospital. Each picture except that of the prosecutrix was identified by the district attorney, who stated that they were made the morning after the assault at his direction and under his supervision and that they correctly portrayed the objects therein shown. The doctor stated that the picture of the prosecutrix was an accurate portrayal of the condition of her face but did not show the other bruises on her body.

We think the pictures were admissible and a proper predicate for their admission was established. See McFarlane v. State, No. 26,715. (Page 658, this volume), 266 S. W. (2d) 133.

One bill of exception relates to the testimony of the doctor in which he told of examining appellant's tongue after his arrest and while in the custody of the officers. His objection was that this constituted compelling the accused to give evidence against himself. With this we cannot agree. See Brown v. State, 156 Tex. Cr. Rep. 144, 240 S. W. 2d 310; Henson v. State, No.

598

26,609, (Page 647, this volume); and Doyle v. State, (Page 310, this volume), 263 S. W. 2d 779.

We find the evidence sufficient to support the verdict, and no reversible error appearing, the judgment of the trial court is affirmed.