JIMMY CHARLES JOHNSON V. STATE

No. 32,395. December 14, 1960

*F. T. Gauen, Jr.,* Dallas 2, for appellant.

*Henry Wade,* Criminal District Attorney, *Frank Watts, William F. Tucker. Phil Burleson,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for robbery with firearms; the punishment, 50 years.

The state's evidence shows that the injured party, Wayne Zerr, was an employee of a Seven-Eleven Store in the city of Dallas. The injured party testified that on the date alleged a man came into the store around 9:30 P.M. carrying a .22 rifle and commanded that he "put everything he had in a paper bag;" that he proceeded to open the cash register, take all the bills therefrom, which amounted to approximately $75.00, and put the same in a paper bag. He stated that the man then, while pointing the gun at him, proceeded to take the money without his consent and, after ordering him in an ice vault, left the premises.

The state's proof further shows that appellant was arrested two days later and after his arrest was positively identified by the injured party at a police lineup as the man who committed the robbery.

Appellant did not testify but called three witnesses who testified in support of his defense of alibi that he was at another place at the time of the commission of the robbery.

The jury chose to reject appellant's defense, and we find the evidence sufficient to sustain its verdict.

Appellant predicates his appeal upon four informal bills of exception.

He first complains of the court's action in overruling his objection to a question propounded by state's counsel to the prosecuting witness on redirect examination which inferred that appellant was the man who committed the robbery. In view of ap-

pellant's positive identification by the prosecuting witness as the man who robbed him, we perceive no injury to appellant in the form of the question propounded in the court's ruling. We find no merit in appellant's contention that in overruling the objection the court's statement "Overrule the objection. Go ahead." constituted comment upon the weight of the testimony in violation of Article 707, V.A.C.C.P. Furthermore, appellant made no objection to the court's ruling upon such ground.

Complaint is made of the court's refusal to grant a mistrial because of a question propounded to the witness Redmond, who was another employee at the store on the night of the robbery, which inferred that the reason the witness did not come out of a back room during the robbery was because he "didn't want him (appellant) to get to shooting." The record reflects that the court instructed the jury to disregard the remark of counsel. No error is presented in the court's refusal to grant a mistrial.

Appellant's next contention is that the court erred in permitting Officer Kirkpatrick to relate on his re-direct examination a radio conversation which he had with the police dispatcher prior to his arrest of the appellant two days after the robbery. The record reflects that appellant on cross examination of the witness inquired into the details of the conversation. Appellant, having gone into a part of the conversation on cross examination of the witness, authorized the State to go into and offer other portions of the same conversation on re-direct examination of the witness. Article 728, V.A.C.C.P.

Appellant's last complaint is to the admission in evidence of a pistol, scabbard and two shells which were found in his automobile at the time of his arrest, over his objection that the exhibits were irrelevant, immaterial and prejudicial to him. While the exhibits were not shown to have been used in committing the robbery for which appellant was on trial, their admission in evidence does not call for a reversal of the conviction. In Hatfield v. State, 161 Tex. Cr. Rep. 362, 276 S. W. 2d 329, it was held that the materiality of similar evidence was not such as its admission would constitute reversible error.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.