Jeannie **DEMPSEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 37906.

Court of Criminal Appeals of Texas.

March 17, 1965.

John Knoff, Gene Barrington, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Ripley E.

Woodard, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for felony theft; the punishment, two years.

T. S. Prescott testified that he was the owner and operator of a service station and that in response to a telephone call while at home for his evening meal, he immediately returned to the station and found missing therefrom three small cans of Bardahl oil and $94 in one-dollar bills from two cigar boxes which were under the counter. He testified that Edward Melcer had been in charge of the station while he was gone.

On December 11, about 7:30 P.M., with Duffey driving, the appellant, Joy Graves, and Edgar Duffey drove an automobile into a service station. Duffey said he was having motor trouble. While Melcer and Naivar, an attendant, helped Duffey with the car, appellant and her woman companion walked over to a Bardahl oil rack and then went inside the station, out of the cold weather. When Naivar entered the building to get a quart of oil, one woman was in front of the desk with the drawer partly open. The desk drawer had been closed. Naivar then went outside and talked with Claude Kristinek, who had just arrived, and he (Kristinek) went inside. The girls left the building, got in the car with Duffey and drove away. Melcer testified that he did not give the appellant or her companions consent to take the money or the oil.

Claude Kristinek testified that after talking with Melcer and Naivar at a service station about 7 P.M., he drove away looking for a man and two women in an automobile. After going a short distance and between five and ten minutes later, he saw these three persons at another service station. The appellant and her woman companion were inside the service station building while the attendant and Duffey were at the grease rack with the car. As Krist-inek entered the station building one of the women closed the desk drawer.

Deputy Sheriff Cowart testified that following the arrest of Duffey and Joy Graves shortly after receiving a report of a theft at a service station, one small can of Bardahl oil was found on the seat of the automobile, two more were found in the Graves woman's purse and some money was recovered from Duffey and Graves. He further testified that the appellant told him at the Sheriff's Office that "we" got the money from the cigar box which was under the desk in the office of the Prescott service station; that they divided the money three ways; that she had her share of the money on her person, except that which she had spent, and produced the money from her person, which Cowart counted and it totaled $13.30; that she had no money before going to the station; and that all the money she had came from the service station.

Testifying in her own behalf, the appellant admitted going to the two service stations, as shown by the testimony of the state, but she denied taking, or seeing Joy Graves take, anything from the stations or opening or taking anything from the desk. Further, that the $13.30 which she had when arrested included one ten dollar bill, and that she had worked for this money. She also denied telling Officer Cowart that "we" took the money from the desk.

By informal bill of exception, the appellant complained of the trial court's permitting Officer Cowart to testify as to the facts she related to him on the ground that she was then under arrest.

The officers had received a report that a felony theft had been committed at the Prescott service station, and also a description of the persons who committed it and a description of the automobile in which they were traveling. After Duffey and Graves were apprehended they told the officers that the appellant was involved with them in the theft. Shortly thereafter the appellant was apprehended. She admitted the

theft of the money. At this time neither Duffey, Graves, nor the officers knew of the whereabouts of appellant's share of the money taken from the station.

■ The facts related by the appellant to Officer Cowart enabled him to discover and recover appellant's share of the money taken from the service station, except the amount she had spent. This authorized the admission in evidence of his testimony of the facts as related to him by the appellant about the theft of the money. Arts. 325 and 727 C.C.P.

■ Appellant urges error because of comments by the trial judge before the jury concerning the alleged oral statements of the appellant.

In the absence of any objections during the trial to any remarks by the trial judge, and none of the remarks appearing to be fundamentally erroneous, no error is presented. 24 Tex.Jur.2d 421, Sec. 86.

■ The evidence is sufficient to support the conviction, and, no error appearing, the judgment is affirmed.

Opinion approved by the Court.