Gary Lee **HART**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42271.

Court of Criminal Appeals of Texas.

Nov. 12, 1969.

Rehearing Denied Jan. 7, 1970.

———◆———

Al Clyde, Stanley Caulfield, Dennis Morrow, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., John Brady, Rufus Adcock and Truman Power, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is assault with intent to rape; the punishment, 50 years' confinement in the Texas Department of Corrections.

The record reflects that on October 7, 1967, the prosecutrix went to a brightly lighted washateria on Wichita Street in the City of Fort Worth. She arrived there sometime after 8:30 p. m., left her clothes in a dryer, went to a nearby supermarket and returned to the washateria about 9 p. m. No one else was present. While the prosecutrix, who was 4 months' pregnant, was folding her clothes a young man entered the washateria, grabbed her by the right breast, hit her in the face, threw her to the floor and threatened her with a knife. After removing her dress and panties he twice made a slight penetration of her vagina with his male sexual organ and forced her with a knife at her neck to commit acts of oral sodomy on him. When the man left the washateria the prosecutrix fled to her automobile and began honking the horn until she attracted the attention of a city policeman. At the trial the prosecutrix positively identified the appellant as her assailant. The appellant's defense was alibi, which the jury, by their verdict, rejected. The indictment charged rape by force, but in its charge the court also submitted assault with intent to rape, when it was requested by the appellant.

Appellant presents 13 grounds of error which shall be considered in the order enumerated in his brief.

Initially, appellant claims the court erred "in refusing to require the State to produce the original of the Police Report which was made by Officer W. W. Davis, which said Report had been properly subpoenaed, for refusing to permit the defendant to examine the same and for permitting the State to offer into evidence two (2) pages only of the Police Report."

The contention is difficult to follow in light of the record, which reveals that appellant's counsel cross examined and sought to impeach Officer Davis by the use of a copy of an offense report prepared by such witness which had been obtained by appellant's counsel prior to trial. Following such cross-examination the State, to show that the officer's testimony on direct examination was consistent with the offense report, offered into evidence a copy of such report. Appellant objected on the ground that it was not the original report. When the two page original arrived from the Fort Worth Police Department the packet also included 3 separate one page reports involving the alleged offense made by three other officers. When the two page original was identified by Davis it was introduced without objection, but the court refused the request to make available to the appellant the other 3 reports unless such officers became witnesses. Such reports were eventually sealed and made a part of the appellate record.

The 3 separate reports were never used or exhibited by the State in the jury's presence so as to bring into play the "use before jury" rule. See Rose v. State, Tex. Cr.App., 427 S.W.2d 609. Neither was the so-called Gaskin Rule (Gaskin v. State, 172 Tex.Cr.R. 7, 353 S.W.2d 467) involved. Such rule applies only to statements by the witness himself. The appellant had the witness Davis' report for the purpose of cross-examination and possible impeachment, and the other reports were not made by Davis. In fact, there is no showing that Davis had ever seen such reports. See Bryant v. State, Tex.Cr.App., 397 S.W.2d 445; Henley v. State, Tex.Cr.App., 387 S.W.2d 877; Sewell v. State, Tex.Cr.App., 367 S.W.2d 349. Cf. Rose v. State, supra.

Even though the so-called "Gaskin Rule" is not involved, we have nevertheless examined the 3 reports attached and find them entirely consistent with the record be-

fore us and nothing material therein either to guilt or penalty so as to invoke the prosecutor's constitutional duty to disclose. See Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215; Means v. State, Tex. Cr.App., 429 S.W.2d 490.

Further, appellant's request was not sufficient to meet the requirements of a motion for discovery under Article 39.14, Vernon's Ann.C.C.P. Sonderup v. State, Tex.Cr.App., 418 S.W.2d 807; Smith v. State, Tex.Cr.App., 409 S.W.2d 408, cert. den. 389 U.S. 822, 88 S.Ct. 45, 19 L.Ed.2d 73. And even if it had been, the reports by their very nature would have fallen within the expressed exception contained in said Article 39.14.

We fail to see how appellant was harmed by not having the entire police report. No error is presented.

Ground of error #1 is overruled.

Appellant next complains of the admission in evidence of inflammatory and prejudicial photographs of the prosecutrix taken at a hospital the morning following the alleged assault, since he argues they did not tend to resolve any disputed issue at the trial. He cites Burns v. State, Tex. Cr.App., 388 S.W.2d 690; Davis v. State, 165 Tex.Cr.R. 456, 308 S.W.2d 880; Borroum v. State, 168 Tex.Cr.R. 552, 331 S.W.2d 314, etc. It is true that this Court has held that photographs gruesome in nature are admissible only if they tend to shed light upon a disputed fact issue. Burns v. State, supra; Pait v. State, Tex.Cr.App., 433 S.W.2d 702 and cases there cited.

It appears, however, that Echols v. State, Tex.Cr.App., 370 S.W.2d 892; Richardson v. State, 159 Tex.Cr.R. 595, 266 S.W.2d 129; and McFarlane v. State, 159 Tex.Cr.R. 658, 266 S.W.2d 133, have been decided contrary to appellant's contention in cases such as the one at bar. See also Boyd v. State, Tex.Cr.App., 419 S.W.2d 843, cert. den. 393 U.S. 863, 89 S.Ct. 144, 21 L.Ed.2d 131; 11A Texas Digest Criminal Law

438. We observe that both the State and appellant elicited testimony from the prosecutrix as to her condition and appearance before and after the alleged offense.

In Burns v. Beto, 5 Cir., 371 F.2d 598, the Court pointed out that the admission of photographs must necessarily rest largely in discretion of the trial judge. There the Court said: "We hold that, so long as photographs accurately represent what they purport to depict and are logically relevant, their extreme gruesome and prejudicial character cannot make their admission in evidence amount to a denial of due process."

Still further, we note that the complained of photographs were not brought forward in the record, approved without objection, and we are therefore in no position to review appellant's contention.

Ground of error #2 is overruled.

In his third ground of error appellant urges the court erred in permitting the prosecutrix to testify as to the forced acts of oral sodomy which took place during the assault. The acts of sodomy were clearly res gestae of the offense charged and were admissible as facts and circumstances surrounding the commission of the offense on the occasion in question. See Vavra v. State, 171 Tex.Cr.R. 24, 343 S.W.2d 709; Gephart v. State, 157 Tex. Cr.R. 414, 249 S.W.2d 612. See also 4 Branch's Ann.P.C., 2nd ed., Sec. 1962, p. 289.

It is well settled that "[w]here the offense is one continuous transaction, or another offense is a part of the case on trial or blended or closely interwoven therewith, proof of all the facts is proper." 4 Branch's Ann.P.C., 2nd ed., Sec. 2255, p. 681. See also 23 Tex.Jur.2d, Sec. 196, p. 302; Taylor v. State, Tex.Cr.App., 420 S.W.2d 601.

We find no merit in appellant's suggestion that the prosecutrix, the wife of a policeman, should not have been permitted to so testify since she did not report the acts

of sodomy to the first officer on the scene. She did give a detailed report of such acts to an officer the following morning.

Ground of error #3 is overruled.

■ Appellant requests that the next three grounds of error be considered together. In these he complains of the cross-examination of a character witness on his behalf. The witness Noble or Nobles (spelled both ways in the record) who had known appellant 8 years, testified as to appellant's reputation for truth and veracity and that his general reputation for being a peaceful and law abiding citizen was "excellent."

On cross-examination the witness was asked, without objection,[1] if he had heard that appellant had engaged in acts of sodomy with his (appellant's) uncle. The witness indicated he had not heard of such conduct.

In Smith v. State, Tex.Cr.App., 411 S.W.2d 548, this Court said:

"It has been held that witnesses attesting the good reputation of an accused may, as affecting the weight, credibility and sincerity of their testimony, be asked upon cross-examination as to whether they have heard of acts of the accused inconsistent with that reputation. Vance v. State, Tex.Cr.App., 365 S.W.2d 182; Linton v. State, 171 Tex.Cr.R. 213, 346 S.W.2d 320; Willard v. State, 170 Tex. Cr.R. 118, 338 S.W.2d 472; Edmond v. State, 169 Tex.Cr.R. 637, 336 S.W.2d 946."

Subsequently, out of the jury's presence, upon interrogation by appellant's counsel it was established that the prosecutor had a sound and reliable source for his question and that it was asked in good faith. See 1 Branch's Ann.P.C., 2nd ed., Sec. 170, p. 175; Wilson v. State, 148 Tex.Cr.R. 61, 184 S.W.2d 838.

■ Appellant contends the question was fundamentally improper since it inquired about acts when the appellant was a juvenile. We cannot agree. France v. State, 148 Tex.Cr.R. 341, 187 S.W.2d 80; 39 Tex.Digest, Witnesses ☞274(2). Cf. Banda v. State, Tex.Cr.App., 424 S.W.2d 938. The purpose of cross examining a character witness is to test the witness' complete knowledge of the accused. Smith v. State, Tex.Cr.App., 411 S.W.2d 548.

■ As to appellant's claim that the court failed to limit such testimony in its charge, we find no written objection or special requested charge in accordance with Articles 36.14 and 36.15, V.A.C.C.P., and nothing, therefore, is presented for review.

Grounds of error #4, #5 and #6 are overruled.

In his seventh ground of error appellant urges the "court erred in permitting the State to cross examine the defendant, his father, and the witness Hodges, concerning conversations which took place and conduct that took place by other persons during the time the defendant was in custody in the city jail in the city of Ft. Worth."

It appears that on October 16, 1967, the appellant, his parents and employer, Walter (Pete) Hodges, voluntarily went to the city hall for a lineup in an attempt to remove any suspicion from him. After the lineup the appellant was taken to another room by Officer Milton Coffey and given the Miranda v. Arizona warnings (384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694). Approximately an hour and fifty minutes later an officer summoned the appellant's father and Hodges to the room. It was what transpired at the point that is the focal point of appellant's ground of error.

On cross-examination the witness Hodges admitted that at this point Officer Coffey informed them that appellant had something to tell them. Upon inquiry as to whether Hodges had then stated "We are not going

1. "Now Your Honor * * * Well, all right, go ahead."

to make any confession until we consult a lawyer" only a most general objection was imposed and overruled. Hodges denied the statement but acknowledged he had informed appellant of his right to silence. Later when Hodges was asked if appellant had not at the time stated "I think I ought to tell them about it" appellant's counsel stated "Just go ahead and tell him what the conversation was." Hodges admitted that appellant may have so stated, but he did not recall the exact words. On re-direct examination Hodges related the conversation had then, as well as the conversation subsequently had when Officer Coffey left him and the appellant's father alone with the appellant.

The appellant and his father were later cross examined as to such statements and conversations, all without objection. They denied such statements, but put forth appellant's version that he had said "They are trying to get me to confess to a crime I don't know anything about."

Later the State called Officers Coffey and Hudson to support the State's version of the conversation. Their testimony was admitted without objection.

■ It is well established that admission over objection of testimony identical with testimony of another witness admitted without objection is not reversible error. East v. State, Tex.Cr.App., 420 S.W.2d 414; Davis v. State, 168 Tex.Cr.R. 588, 330 S.W. 2d 443; Duhart v. State, 167 Tex.Cr.R. 150, 319 S.W.2d 109; Wright v. State, 165 Tex.Cr.R. 520, 309 S.W.2d 67; Greiner v. State, 157 Tex.Cr.R. 479, 249 S.W.2d 601; Gaines v. State, 157 Tex.Cr.R. 105, 247 S.W.2d 251; Garland v. State, 157 Tex.Cr. R. 4, 246 S.W.2d 204.

■ We observe that in many instances appellant's counsel inquired at length into conversations the appellant, his father, Hodges and the officers had. Thus the "door was opened," and the prosecutor was permitted to cross examine as to contradictory statements. Rivera v. State, Tex.

Cr.App., 406 S.W.2d 466; Johnson v. State, 170 Tex.Cr.R. 349, 341 S.W.2d 170. See also Article 38.24, V.A.C.C.P.

Ground of error #7 is overruled.

In his eighth ground of error appellant contends it was error for the State's witness Milton Coffey to unresponsively answer that he was a polygraph operator. Appellant's specific argument is that the jury would infer that appellant had refused a lie detector test.

The record reflects the following:

"MR. BRADY: (Prosecutor) Without going into any of the details of what you do in your line of work, would you tell the jury by whom you are employed? .

"A. Fort Worth Technician Department, Crime Lab., Polygraph Examiner."

To such question and answer there was no objection, no motion for mistrial or request for jury instruction to disregard. Shortly thereafter the careful trial court removed the jury and instructed the witness not to mention "polygraph" or "lie detector" again in his testimony.

Appellant, however, relies upon his pretrial motion in limine (which was granted) "not to refer or allude in any manner to any lie detector test given or taken by the defendant or any person connected with this case."

■ Evidence of the results of a lie detector examination is not admissible for either the State or the accused. Wall v. State, Tex.Cr.App., 417 S.W.2d 59; Placker v. State, 171 Tex.Cr.R. 406, 350 S.W.2d 546; Nichols v. State, Tex.Cr.App., 378 S.W.2d 335. See also Davis v. State, 165 Tex.Cr.R. 456, 308 S.W.2d 880; Stockwell v. State, 164 Tex.Cr.R. 656, 301 S.W.2d 669; 23 Tex.Jur.2d, Sec. 402, p. 601. However, it appears that State's witness did not refer to or allude to any polygraph examination by the appellant or anyone connected with the trial or the results thereof.

Appellant's contention appears to be answered by Paredes v. State, Tex.Cr.App., 368 S.W.2d 620, where this Court held that a deputy sheriff's testimony that he took the accused "to a polygraph machine" was not reversible error where there was no evidence of the test's results, or that a test was given, or where there was no objection to the unresponsive answer.

Ground of error #8 is overruled.

■■■ Appellant further contends the court erred in admitting the testimony of Mrs. McBride, called by the State in rebuttal. Her rather detailed testimony revealed she had seen appellant in a washateria within 8 days after the alleged assault; that he watched her intently, followed her in a car when she left the washateria and she was unable to "lose" him in the traffic as she frantically drove to a friend's home. During such testimony the appellant failed to object. On this ground alone no reversible error is presented.

■■■ Even if the testimony had been properly objected to, the testimony would have been admissible to show intent, system, design and identity. Appellant's defense was alibi.

In Cage v. State, 167 Tex.Cr.R. 355, 320 S.W.2d 364, cert. den. 360 U.S. 917, 79 S.Ct. 1434, 3 L.Ed.2d 1533; reh. den. 361 U.S. 855, 80 S.Ct. 45, 4 L.Ed.2d 94, Judge Dice wrote:

"The general rule which prohibits evidence of extraneous offenses has certain well recognized exceptions. Under the exceptions to the rule, evidence of extraneous offenses of transactions is admissible where it shows system, intent, knowledge, identity, etc. * * * Under such exceptions to the rule evidence of similar transactions becomes admissible even though it does not show the commission of other offenses."

Ground of error #9 is overruled.

■■■ Appellant further complains of the court's failure to respond to his written objection and charge the jury concerning Mrs. McBride's testimony. While it would have been proper for the court to have given a charge limiting such testimony to the purpose for which it was admitted, we do not construe appellant's written objection as addressed to that proposition. The objection in effect requested the court to instruct the jury not to consider such testimony "for any purpose," that it constituted no offense and "could have no bearing upon the offense * * * charged."

Ground of error #10 is overruled.

Appellant also urges that the court erred in refusing to instruct the jury not to consider any statement made by appellant at city hall as evidence of a confession or an admission of guilt since the same had not been reduced to writing nor was otherwise admissible as a confession. Appellant's objection to the charge was not a request to submit the issue of voluntariness of any statement or admission nor was it a request for a limiting charge. The written objection was actually a request for the court to instruct the jury to entirely disregard such testimony. In view of our discussion of the admissibility of such statement in ground of error #7, we find the court did not err in responding to the written objection.

Ground of error #11 is overruled.

■■■ Appellant next contends that the court erred in refusing him the right to subpoena juror Carolyn V. Evans for the hearing on the motion for new trial, it being his claim that she was not a qualified juror since she was neither a householder in the county nor freeholder in the State. See Article 35.16(a) (2), V.A.C.C.P. See also Article 35.12(2), V.A.C.C.P. Appellant recognizes the holding that discovery after verdict that a juror was not a householder or freeholder is not a ground for a new trial if no inquiry was made to ascertain that fact before accepting the juror, Herrin v. State, 100 Tex.Cr.R. 107, 271 S. W. 928; Randell v. State, Tex.Cr.App., 64 S.W. 255, and he makes no claim of in-

quiry, nor does he make any showing of probable injury or that the fairness of the trial was affected. 1 Branch's Ann.P.C., 2nd ed., Sec. 568, p. 543.

Testifying at the motion for new trial appellant's counsel acknowledged that during the voir dire examination a question was raised in his mind about the juror's qualifications although he "said nothing about it."

In Randell v. State, supra, this Court said:

"If defendant and his counsel sit by and see the juror placed upon the jury, and accept him as a juror, without inquiring as to the fact that he was a qualified voter or householder or freeholder, it cannot be taken advantage of on the motion for new trial."

The voir dire examination is not in the record before us. One of the prosecutors testified, however, that he interrogated the juror Evans and that she had related she owned real estate in Texas inherited from her father.[2]

We cannot conclude that reversible error is reflected by the court's refusal to subpoena the juror Evans.

It is noted that since the date of the trial the Texas legislature has eliminated the freeholder-householder qualifications for petit as well as grand jurors by amending Articles 35.12, 35.16, 35.19, 19.08, 19.23, V.A.C.C.P., and Article 2133, Vernon's Ann.Civ.St. See Acts 1969, 61st Legislature, Chapter 412, p. 1364 (effective September 1, 1969).

Ground of error #12 is overruled.

■ Lastly, appellant complains the trial court refused to permit him to adduce testimony relating to the court's conduct during the trial which demonstrated its prejudice

and complete disregard of the presumption of innocence.

At the hearing on the motion for new trial the court sustained the State's objection and refused to hear witnesses offered by the appellant on the general allegations in said motion as to court's "fixed prejudice" and "attitude" toward defense counsel. The State noted that there was a complete record of the entire proceedings, and at no time did the appellant point out in his motion for new trial or elsewhere any particular instance complained of. Cf. Ash v. State, Tex.Cr.App., 420 S.W.2d 703.

The record fails to reflect that appellant utilized a formal bill of exception as authorized by Article 40.09, Sec. 6, V.A.C. C.P., nor does he set forth with candor and specificity in his ground of error what he would have been able to prove if he had been allowed to offer testimony.

Neither does he call our attention to any instance in the record which supposedly reflects the complained of conduct. The ground of error would not appear to meet the requirements of Article 40.09, Sec. 9, V.A.C.C.P.; Keel v. State, Tex.Cr.App., 434 S.W.2d 687; Dailey v. State, Tex.Cr. App., 436 S.W.2d 346.

■ Nevertheless, we have examined the record and fail to find where the appellant objected to any conduct of the court, moved for jury instruction or for a mistrial on that ground. If no objection is made, remarks and conduct of the court may not be subsequently challenged unless they are fundamentally erroneous. 56 Tex. Jur.2d, Trial, Sec. 86, p. 421; Dempsey v. State, Tex.Cr.App., 387 S.W.2d 891; Fleck v. State, Tex.Cr.App., 380 S.W.2d 621.

We find appellant's thirteenth ground of error absolutely without merit

Finding no reversible error, the judgment is affirmed.

2. It is observed that an affidavit of juror's mother attached to the State's controverting answer to the motion for new trial reflected that the juror had inherited real estate in Tarrant County from her father giving a legal description of such property and the probate court cause number involved. The court refused, however, to admit such affidavit into evidence at the hearing on the motion for new trial.