Jimmy C. JOHNSON

v.

Dolph BRISCOE, Governor et al.

No. CA 3–7171–C.

United States District Court,
N. D. Texas,
Dallas Division.

Nov. 1, 1973.

Jimmy C. Johnson, pro se.

John L. Hill, Atty. Gen., Larry F. York, First Asst. Atty. Gen., Joe B. Dibrell, F. M. Stover, Lonny F. Zwiener,

Asst. Attys. Gen., Austin, Tex., for defendants.

## OPINION

WILLIAM M. TAYLOR, Jr., Chief Judge.

This Court has been advised by Honorable John R. Brown, Chief Judge of the United States Court of Appeals for the Fifth Circuit, that he declines to constitute a three-judge court to determine the questions raised by plaintiff in this case. Accordingly, the case will be decided by the undersigned Judge of this Court.

Plaintiff Jimmy Charles Johnson was tried and convicted on two charges of armed robbery in October of 1959 and February of 1960 in Dallas, Texas. He is currently an inmate of the Texas Department of Corrections (TDC), serving sentences of forty and fifty years respectively. He has brought this suit against Texas Governor Dolph Briscoe, Texas Attorney General John Hill, Dallas County District Attorney Henry Wade, Judge Jerome Chamberlain and TDC Director W. J. Estelle, challenging the constitutionality of jury selection methods used at his trials. The cause of action is based on 42 U.S.C. § 1983, *inter alia*.

Plaintiff's contentions may be briefly summarized as follows: he was denied *due process and equal protection of the laws*, as guaranteed by the Fourteenth Amendment to the United States Constitution and by the Texas Constitution, because the Dallas County property tax rolls were used as the starting point for selecting juries in Dallas County, Texas, at the time of his trials. Johnson claims this procedure resulted in the exclusion from juries of certain groups of persons identifiable by economic, racial, ethnic and geographical characteristics. The statutes prescribing the challenged procedures for compiling jury lists subsequently were repealed by the Texas Legislature.

Plaintiff prays for equitable relief only, specifically: (1) a declaratory judgment that the challenged statutes were unconstitutional, (2) an injunction to enjoin Texas and all defendants from enforcing the plaintiff's judgment of conviction, and (3) general relief.

In short, then, Johnson wants this Court to order his freedom.

In addition, Johnson has asked for the case to be heard by a three-judge court pursuant to 28 U.S.C. §§ 2281–2284, has moved that a default judgment be entered against the defendants Wade and Chamberlain, has entered a motion to be allowed to inspect voluminous records (including the names of *all* persons on jury venires in Dallas County for a two and one-half year period), and has requested the appointment of a specific attorney to represent him. Additionally, several fellow convicts of Johnson's have filed motions to intervene so that they, too, may walk out the prison gates along with Johnson.

■ Unfortunately for Johnson and the others, the Supreme Court of the United States recently made it abundantly clear that a section 1983 suit is not the proper tool for their purposes. In Preiser v. Rodriquez, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973), the Court wrote:

> What is involved here is the extent to which § 1983 is a permissible alternative to the traditional remedy of habeas corpus. Upon that question, we hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate or more speedy release from that imprisonment, his sole federal remedy is a writ of habeas corpus.

■ As far as this Court is able to determine, Johnson never raised any question concerning jury selection procedures during the trial or appeal of his case. *See* Johnson v. State, 170 Tex. Cr.R. 349, 341 S.W.2d 170 (1960). Apparently, then, plaintiff has not exhausted his state remedies as he must before this Court may consider his con-

tentions in any future habeas corpus proceeding. 28 U.S.C. § 2254(b).

No useful purpose would be served, in view of the disposition of this case, by granting any of the myriad of motions by the plaintiff or would-be intervenors. All such motions are hereby denied and the complaint is dismissed on the authority of Preiser v. Rodriquez, *supra*.