ACCEPTED
12-14-00226-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
2/18/2015 12:08:41 AM
CATHY LUSK
CLERK

Cause No. 12-14-00226-CR

In the Court of Appeals for the
Twelfth Judicial District at Tyler, Texas

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS
2/18/2015 12:08:41 AM
CATHY S. LUSK
Clerk

Jock Dominey,
Appellant

v.

State of Texas,
Appellee

FILED
2/18/2015
Twelfth Court of Appeals
Cathy Lusk
Clerk

On Appeal from Cause No. 2014-0069 in the 159th
Judicial District Court of Angelina County, Texas

**State's Brief**

April Ayers-Perez
Assistant District Attorney
Angelina County D.A.'s Office
P.O. Box 908
Lufkin, Texas 75902
(936) 632-5090 phone
(936) 637-2818 fax
State Bar No. 24090975
aperez@angelinacounty.net

**Oral Argument Not Requested**

**Identity of Parties and Counsel**

Jock Dominey, Appellant

John Boundy
Attorney for Appellant (trial)
3205 North University Drive
Nacogdoches, Texas 75865

John W. Tunnell
Attorney for Appellant (appeal)
P.O. Box 414
Lufkin, Texas 75902

Katrina Carswell
Attorney for the State (trial)
Angelina County District Attorney's Office
P.O. Box 908
Lufkin, Texas 75902

April Ayers-Perez
Attorney for the State (appeal)
Angelina County District Attorney's Office
P.O. Box 908
Lufkin, Texas 75902

## Table of Contents

Identity of Parties and Counsel ..................................................................................ii

Table of Contents ...................................................................................................iii

Index of Authorities ...............................................................................................iv

Statement Regarding Oral Argument...........................................................................v

Issue Presented.......................................................................................................v

Statement of Facts.................................................................................................. 1

Summary of the Argument....................................................................................... 1

Argument ............................................................................................................. 1

    **Reply Issue #1:** Appellant was not denied his right to a neutral and fair magistrate, in violation of the Due Process Clause of the United States and Texas Constitution, at his sentencing hearing…………………………………………………..1

        Applicable law.................................................................................. 2

        Past Precedent on Judicial Bias ......................................................... 3

        Judge Goodwin did not display judicial bias........................................ 4

Prayer ..................................................................................................................5

Certificate of Compliance ........................................................................................ 6

Certificate of Service .............................................................................................. 6

# Index of Authorities

**Cases**                                                                                   Page

*Blue v. State*, 41 S.W.3d 129, 132 (Tex.Crim.App. 2000). ...................................... 2

*Bracy v. Gramley*, 520 U.S. 899, 904-05 (1997). ...................................................... 2

*Brewer v. State*, 572 S.W.2d 719, 721 (Tex.Crim.App. 1978). ........................... 2, 3

*Brumit v. State*, 206 S.W. 3d 639, 645 (Tex.Crim.App. 2006),................................. 2

*Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973)......................................................... 2

*Hart v. State*, 447 S.W.2d 944. ................................................................................. 2

*Peterson v. State*, 2013 WL5776287 (Tex.App. – Dallas, 2013) ......................... 2, 3

*Thompson v. State*, 641 S.W.2d 920, 921 (Tex.Crim.App. 1982). ........................... 2

**Rules**

Tex. R. App. P. 9.4(i)(1) ............................................................................................ 6

Tex. R. App. P. 39.1.................................................................................................... v

## Statement Regarding Oral Argument

Pursuant to Tex. R. App. P. 39.1, the State feels oral argument is unnecessary, as the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument.

## Issue Presented

**Reply Issue #1:** Appellant was not denied his right to a neutral and fair magistrate, in violation of the Due Process Clause of the United States and Texas Constitution, at his sentencing hearing.

## Statement of Facts

The facts in appellant's brief are sufficient, and appellee, State of Texas, stipulates to them.

## Summary of the Argument

The appellant, Jock Dominey, was not denied his right to a neutral and fair magistrate at his sentencing hearing. Although the trial court judge did question the appellant during the sentencing hearing, it was for clarification purposes. The court is allowed to question a witness as long as the court maintains impartiality. The court considered the evidence and the full range of punishment prior to sentencing the appellant, the court questioned all the witnesses and sentenced the appellant to significantly less time than was even offered as a plea bargain by the state.

## Argument

**Reply Issue #1:** Appellant was not denied his right to a neutral and fair magistrate, in violation of the Due Process Clause of the United States and Texas Constitution, at his sentencing hearing.

*Applicable law*

"Due process requires a neutral and detached hearing body or officer."[1] "Absent a clear showing of bias, a trial court's actions will be presumed to have been correct."[2] Even in the event that a court's questioning of a witness is assumed to be, or appears to be, erroneous, if no fundamental constitutional right was affected then an objection would be required to preserve the error.[3] When no objection is made to the conduct of the trial court in questioning a witness, the conduct cannot be subsequently challenged unless it is fundamentally erroneous.[4] The Trial Court is allowed to question a witness as long as the Trial Court maintains an impartial attitude.[5] "Due process requires a 'fair trial in a fair tribunal' before a judge 'with no actual bias against the defendant or interest in the outcome of his particular case.'"[6] In cases where a claim of judicial bias is made the Appellate Court looks to the record to determine if it shows a judge's bias denied the defendant due process of law.[7] "A trial judge's comments indicate

---

[1] *Brumit v. State*, 206 S.W. 3d 639, 645 (Tex.Crim.App. 2006), *citing Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973).

[2] *Id., citing Thompson v. State*, 641 S.W.2d 920, 921 (Tex.Crim.App. 1982).

[3] *Blue v. State*, 41 S.W.3d 129, 132 (Tex.Crim.App. 2000).

[4] *Brewer v. State*, 572 S.W.2d 719, 721 (Tex.Crim.App. 1978), *citing Hart v. State*, 447 S.W.2d 944.

[5] *Brewer v. State*, 572 S.W.2d 719, 721 (Tex.Crim.App. 1978).

[6] *Peterson v. State*, 2013 WL5776287 (Tex.App. – Dallas, 2013) *citing Bracy v. Gramley*, 520 U.S. 899, 904-05 (1997).

[7] *Id.*

2

partiality or bias if the comments reveal the judge determined a sentence without considering the evidence or the full range of punishment."[8]

*Past Precedent on "Judicial Bias"*

In *Brewer v. State* the appellant, in his first point of error, claimed that the trial court departed "from its role as a neutral and detached hearing body and questioning witnesses in a prosecutorial manner, violated the appellant's right to due process of law."[9] In addition, the appellant did not raise any objections to the trial court's questioning of the witnesses.[10] The Court of Criminal Appeals held that, not only were the questions addressed to the witnesses proper, but the questioning of the court cannot be subsequently challenged because it is not fundamentally erroneous.[11] Subsequently, in *Peterson v. State*, the trial judge questioned and chastised the defendant , cutting the defendant off and calling the defendant a "disgrace" to the judge and the United States Army.[12] The Court of Appeals, while not condoning the trial judge's conduct, concluded that it did not rise to the level of judicial bias.[13]

---

[8] *Id.*
[9] *Brewer,* 572 S.W.2d 719 at 721.
[10] *Id.*
[11] *Id.*
[12] *Peterson,* 2013WL5776287 at 2.
[13] *Id.*

*Judge Goodwin did not display judicial bias*

The appellant acknowledged during the sentencing hearing that he had been on drugs for a significant amount of time.[14] Appellant also acknowledged that he was currently on parole for drug offenses and his new charge that he was being sentenced for was for drug charges.[15] Appellant then spoke to the fact that, although he had at one point been a trusty, he was no longer a trusty at the Angelina County Jail.[16] When the trial court judge, Judge Goodwin, questioned appellant as to why he is no longer a trust appellant was evasive with his answer., referring to passing out trays of food and "other things".[17] It was at this point that Judge Goodwin pressured more, questioning the appellant about drug tests while in jail.[18] The extra questioning about drug tests, which appellant contends shows judicial bias, is a direct result of the appellant's evasiveness with his answer and drug history that had already been established.[19] Further, Judge Goodwin had questioned, to some degree, almost all of the witnesses who took the stand in this sentencing hearing, not just the appellant.[20] It is much more likely that it was

---

[14] VI R.R. at 33.
[15] *Id.*
[16] *Id.* at 35-38.
[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] *Id.*

4

experience with criminal defendants, not outside knowledge, that led Judge Goodwin to question whether the appellant had taken a drug test or not. That level of experience with the criminal world does not amount to judicial bias nor does it amount to a fundamental error needing reversal. The appellant had the opportunity to object to the questioning and failed to do so.[21]

## Prayer

The State of Texas prays that this Court of Appeals affirm the judgment of the trial court.

---

[21] *Id.*

Respectfully Submitted,

*/s/ April Ayers-Perez*
_____
Assistant District Attorney
Angelina County D.A.'s Office
P.O. Box 908
Lufkin, Texas 75902
(936) 632-5090 phone
(936) 637-2818 fax
State Bar No. 24090975
ATTORNEY FOR THE
STATE OF TEXAS

## Certificate of Compliance

I certify that this document contains 784 words, counting all parts of the document except those excluded by Tex. R. App. P. 9.4(i)(1). The body text is in 14 point font, and the footnote text is in 12 point font.

*/s/ April Ayers-Perez*
_____

## Certificate of Service

I certify that on February 17, 2015, a true and correct copy of the above document has been forwarded to John Tunnell, by electronic service through efile.txcourts.gov.

*/s/ April Ayers-Perez*
_____